## Leidig *versus* Coover's Executors.

*Claim for wages rebutted by relationship of parent and child.—Express contract necessary to ground a recovery.*

1. A daughter cannot recover from her father's estate for services rendered after she became of age, without clear, distinct, and satisfactory evidence of a contract for wages.
2. The declarations of the testator that his daughter should be paid for what she had worked over age, are not sufficient evidence of a contract as would enable her to recover: nor was it material that during a part of that time she had resided away from the homestead upon another farm belonging to him.

ERROR to the Common Pleas of *Cumberland county.*

This was an action of debt brought by John W. Leidig and Mary Ann his wife, against Daniel Bailey and Daniel Coover, executors of Jacob Coover, deceased, to recover wages for services rendered to her father after she had obtained the age of twenty-one years.

Mrs. Leidig was twenty-one years of age in July 1838; was

married in February 1856, and for a period of over seventeen years lived with her father part of the time, and part of the time with her brothers, Michael and Jacob Coover, who were on a farm of their father's, which they farmed with his stock, and for his use and benefit, she living with them in the capacity of housekeeper.

The witness relied upon to prove a contract, was a brother-in-law of the plaintiff, who testified that in 1851 old Mr. Coover told him he would pay his boys $40, and his girls $20 per annum. That he had said this frequently, and that he had heard him say so in 1853. A daughter of deceased testified, she heard her father say that of those children that worked over age, he was going to pay the boys $40 and the girls $20 per annum; that he said so frequently, and the last time she heard him say so was about twelve years since. Another son-in-law testified, that decedent told him he intended to pay his children for what they worked over age; said he would pay his boys $40 and his girls $20 per year, and their clothes and spending-money, such as they needed, and that he told witness this in 1855. Another witness stated, that in 1856, after the plaintiff was married, old Mr. Coover told her that Mrs. Leidig did not get as much from home as the others, but what she did not get in furniture she should have in money, and what she worked over age she should be paid for. This was all the evidence relied upon to prove a contract; but the father, the deceased, afterwards made his will, in which he distributed his estate nearly equally among all his children.

The court below (GRAHAM, P. J.) after stating the facts, instructed the jury as follows :—

" In accordance with the oft-repeated decisions of the Supreme Court, it is our duty to say to you, and it would be error if we failed to do so, that the evidence is altogether insufficient to prove a contract between the father and daughter in this case, and you will therefore render a verdict for the defendants," which was the error assigned by the plaintiff.

*Penrose & Rhoads,* for plaintiff in error.

*D. J. Williams* and *W. H. Miller,* for defendants.

The opinion of the court was delivered, May 24th 1864, by

AGNEW, J.—If we pay any regard to our oft-repeated decisions, there is no ground for reversal in this case.

The declarations of a parent may admit the filial devotion and real worth of his child; and the profit he derives from her services. They may reach farther and disclose his own sense of obligation, and his settled purpose to compensate. But all this

[Leidig *v.* Coover's Executors.]

is insufficient to raise a promise. The services of a daughter, standing in the relation of Mrs. Leidig to her father, are the results of the relation, not the fruits of a contract. Without a contract expressly made for wages, proven by clear, distinct, and satisfactory evidence, there cannot be a recovery. This has been so often said, it is needless to fortify it by referring to authority.

The judgment is affirmed.