# Meyers v. Meyers, Admr.

## Action of Assumpsit.

1. *Action by a son to recover services rendered to father; must be expressed contract therefor.*—As between parent and child, there can be no recovery for the board of the parent or for services rendered the parent, in the absence of an expressed agreement therefor on the part of the parent; and to authorize a recovery, such contract should be shown by proof clear and unequivocal in terms.

2. *Action by a son to recover for services rendered deceased father; wife and child of son competent witnesses to prove agreement.*—In an action by a son against the administrator of the estate of his deceased father to recover for the board of the father and for services rendered the deceased during his lifetime, the wife and the son of the plaintiff are competent witnesses to testify to an agreement made by the deceased with the plaintiff, in which he promised to pay the plaintiff for supporting and caring for him, and for services rendered to him; said wife and son not being heirs or legatees of the deceased, nor beneficiaries of his estate, and not having pecuniary interest therein of such sort as to disqualify them under the statute (Code § 1794) from testifying for the plaintiff.

3. *Action upon stated account; statute of limitation of three years no bar.*—To a count of a complaint seeking to recover upon

[Meyers v. Meyers, Admr.]

a stated account, the statute of limitation of three years presents no bar; and, therefore, a plea setting up the statute of limitation of three years to such count is subject to demurrer.

APPEAL from the Law and Equity Court of Walker. Tried before the Hon. PEYTON NORVELL.

This action was brought by the appellant against W. A. Meyers, as administrator of the estate of W. J. Meyers, deceased. The counts of the complaint for the purposes of this appeal are sufficiently shown in the opinion.

The pleas, the substance of which is shown in the opinion, were pleaded "for answer to each and every count of plaintiff's complaint." The 6th plea was as follows: "6th. Before this suit was brought, this action was barred by the statute of limitation of three years." The plaintiff demurred to the sixth plea upon the ground that said plea purports to answer the whole complaint, and one of the counts of the complaint was upon a stated account. This demurrer was overruled.

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently shown in the opinion. There were verdict and judgment in favor of the defendant. The plaintiff appeals and assigns as error the overruling of the demurrer to the 6th plea, and the other rulings of the trial court, to which exceptions were reserved.

COLEMAN & BANKHEAD, for appellant. The court erred in not allowing the wife and child of the plaintiff to testify to having heard defendant's intestate promise the plaintiff to pay him for taking care of him and for services rendered.—*Gold Life Ins. Co. v. Sledge*, 62 Ala. 566; *Hill v. Helton*, 80 Ala. 528; *Huckabee v. Abbott*, 87 Ala. 409; 15 Amr. & Eng. Enc. of Law (2d ed.) p. 834.

D. A. McGREGOR and W. C. DAVIS, *contra.*—The plaintiff did not show any right of recovery in this suit. "A parent may admit filial devotion to his child, and also may admit he derives profit from his services; and he

may even disclose a sense of obligation and a settled purpose to compensate the child yet this will not raise a promise to pay for any services rendered by the child." See 47 Pa. St. 534; 129 Pa. 229. Such evidence seems to be nothing more than sufficient to give color to proof that the parties had entered into a contract.—Wood, Master & Servant, Sec. 32; see also 39 Wis. 376. To establish such contract as the plaintiff relies on in this case, the evidence must be direct, positive, express and unambiguous, the contracting parties must be brought face to face, the witnesses must have heard the bargain when it was made, or must have heard the parties repeat it in each others presence. The contract will not be inferred from the declarations of one of the parties only, and every reasonable presumption will be indulged against the claimant in such case.—See *Burgess v. Burgess*, 109 Pa. St. 312; *Pritchard v. Pritchard*, 69 Wis. 737.

HARALSON, J.—The complaint contains the common counts only, each claiming $2,500; the 1st, for that sum due from defendant's intestate, on July 1st, 1901; the 2nd, for money loaned by plaintiff to defendant's intestate on January 1st, 1901; the 3rd for a like amount due on an account stated between plaintiff and defendant's intestate, on July 1st, 1900; the 4th, for the same sum due for merchandise, goods, and chattels sold by plaintiff to defendant's intestate July 1st, 1900; the 5th, for money paid by plaintiff for said intestate at his request on the 1st day of January, 1900, and the 6th, for the same sum due for work and labor done by plaintiff for said intestate, at his request, on the 1st day of January, 1900, etc.

The pleas were the general issue, and the statute of limitations of 3, 6 and 10 years, and on these pleas, the cause was tried. There was no proof of the time when the intestate died, nor of when administration was taken on his estate.

The suit was really to recover of defendant the sum of $2,500, for services rendered his intestate, W. J. Meyers, by the plaintiff for 25 years before intestate's death.

[Meyers v. Meyers, Admr.]

The proof for plaintiff tended to show that deceased, in his lifetime, owned a farm of 200 acres, with stock and farming implements, and that plaintiff, who was his son, and his wife, lived with him and conducted the farm for 25 years before his father died; that for about 15 years before he died, his father was not able to do any work in the field, but spent his time about the house working in small patches, getting wood and feeding the stock.

The evidence for the defendant tended to show, that intestate was in good health up to the time of his death; was able to work, and until 2 or 3 years before he died, worked as a regular hand in the field, and for the last two or three years of his life, worked around the house, looked after the stock and put in full time at work.

There was no evidence allowed to be introduced that there was any agreement between plaintiff and deceased, that the former should be paid by the latter, for any services rendered by him for attending to the farm or for boarding and taking care of his father.

It is well settled here and elsewhere, that between parent and child, there can be no recovery by the child for the board of the parent or for services rendered him by the child, in the absence of an express agreement therefor. Although a son may render services to his parent, the law regards such services as but the performance of a filial duty, which every man owes his parents, and implies no contract for compensation therefor. A recovery may, of course, be had upon the express contract, but to authorize a recovery thereon, such contract should be shown by proof clear and unequivocal in terms.—*Borum v. Bell,* 132 Ala. 86; *Leidig v. Coover's, Ex'rs.* 47 Pa. 534; *Zimmerman v. Zimmerman,* 129 Pa. 229; *Tyler v. Burrington,* 39 Wis. 376; 3 Am. & Eng. Ency. Law (1st ed.), 361.

Recognizing these principles, the plaintiff sought to prove by his wife, that she heard the deceased, in his life-time, make an agreement with plaintiff, to pay him for taking care of him; and by James Meyer, a son of plaintiff, that he heard his grandfather, the deceased, promise the plaintiff to pay him for supporting and

caring for him. The defendant objected to such proof, on the ground in each instance, that the witness was interested in the result of the suit, and was incompetent to testify to any conversation or transaction between plaintiff and the deceased, which objection was sustained. The objection should have been overruled. The wife of the son of the intestate, and his grandson, James Meyer, were not heirs or legatees of deceased, nor were they beneficiaries of his estate, or have pecuniary interest therein, in such sort as disqualified them from testifying for the plaintiff under section 1794 of the Code. The mere fact of their relationship to plaintiff did not disqualify them.—*Hill v. Helton,* 80 Ala. 528; *Harraway v. Harraway,* 136 Ala. 500, 506.

The demurrer to the 6th plea should have been sustained. This plea was filed as an answer to the entire complaint, which contained a count on a stated account, and the statute of limitations of three years pleaded to the complaint does not bar an action on such an account.

The case was tried with this evidence sought to be introduced to show an agreement on the part of the deceased with plaintiff to pay the latter for taking care of and supporting him excluded. Whether or not the evidence sought to be introduced by plaintiff, and rejected, was competent or not, would depend upon the relation and terms of such an agreement, if one was had. If no agreement be shown, then the plaintiff would not be entitled to recover. If one be shown, whether he would be entitled to recover anything, and how much, would depend upon the relation and terms of such agreement.

As the case must be reversed for the exclusion of the testimony offered, we see no reason for deciding, at this time, any of the other questions raised in the case.

Reversed and remanded.