# Hardy *v.* Killingsworth.

### *Bill to Enjoin Judgment in Ejectment, and to Perfect Title.*

(Decided Dec. 19, 1911. 56 South. 965.)

*Witnesses; Competency; Interest.*—In a bill by a wife to perpetually enjoin a judgment in ejectment for the possession of lands, mesne profits and costs, obtained by a defendant in an action against the husband and wife, and to invest the wife with the legal title to the land, the husband is not disqualified to testify in the wife's behalf as to transactions with decedent under whom she claims, because of interest arising out of his liability for costs, or by reason of his expectancy in his wife's property.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Bill by Emma E. Killingsworth against Fred Hardy, to perpetually enjoin a judgment in ejectment, and to invest complainant with a legal title to the lands involved. Judgment for complainant and respondent appeals. Affirmed.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. The husband was not competent to testify for the wife in this case.—Sec. 4007, Code 1907; *Boykin v. Smith*, 65 Ala. 294; *Miller v. Connor*, 84 Ala. 59. Such statutes

are liberally construed.—*Blakney v. Blakney,* 7 Port. 109. The husband had such an expectancy as would disqualify him.—*Lewis v. Eason,* 50 Ala. 470; *Duggar v. Pitts,* 145 Ala. 358.

SAM WILL JOHN, for appellee. Killingsworth was not disqualified under section 4007.—*Henderson v. Brinson,* 141 Ala. 674. Randall's estate was not interested in the result of this suit.—*Butler v. Jones,* 80 Ala. 436; *Howle v. Edwards,* 97 Ala. 653; *Nelson v. Howison,* 122 Ala. 578.

SAYRE, J.—Appellant had recovered the land in controversy by a judgment of the circuit court of Shelby, in which Emma Killingsworth and her husband, John T. Killingsworth, were parties defendant. The judgment was for mesne profits and costs, also. Thereafter Mrs. Killingsworth filed this bill, alleging a perfect equitable title in herself, and praying that the execution of the judgment at law be perpetually enjoined. Defendant claims in virtue of a deed from the trustee in bankruptcy of John B. Randall. Complainant claims to have purchased the property from Randall, and to have paid the purchase money in full prior to the commencement of proceedings in bankruptcy against said Randall. The averment of the bill is that Randall was prevented from executing a conveyance upon complainant's payment of the purchase money, as he had agreed, and as he was otherwise prepared to do, by the sickness of his wife, who was expected to join in the conveyance; that shortly thereafter the proceedings in bankruptcy were commenced; and that a little later Randall died. There is no question about notice. The case turns upon this question of fact: Whether complainant paid the agreed purchase price in full before the commencement

of the proceedings in bankruptcy. Appellant holds that this question ought to be answered in the negative, and, incidentally, denies the legal competency of some evidence offered by the appellee.

The judge of the county court found the complainant was entitled to relief, and we think the legal evidence in the record supports that finding. Complainant offered in evidence a paper writing, by the terms of which Randall agreed to make a good deed to the land upon the payment of $350; complainant having five years in which to pay. This paper bore date February 17, 1896. Proceedings in bankruptcy against Randall were commenced April 10, 1901. The last numeral in the date of the contract of sale was written over an erasure. The judge below states in his opinion, filed with his decree, that it is impossible to say what figure was erased. Appellant contends that the date as originally written was 1897; that complainant was guilty of an act of spoliation in making the change; and that, in consequence, the paper ought not to be received in evidence. When considered in connection with the date of Randall's bankruptcy and the time for payment stipulated in the contract, the importance of this question is obvious, and if appellant's insistence is to prevail, then, in our judgment, appellee's case must fall to the ground. Herein differing from the opinion expressed by the trial judge, we think the erasure and superscription of the figure 6 in the date of the contract called for explanation by the appellee. This the appellee (complainant) undertook to furnish by showing that the erasure and change had been done before delivery. The issue thus raised was an issue of fact. The evidence is in conflict. Without extending this opinion by an unprofitable recapitulation of the evidence pro and con, we state our conclusion, reached upon the same considerations in general that

influenced the judge below, that the paper writing in question was properly admitted in evidence as bearing the true date of its execution and delivery.

We are also of opinion that J. T. Killingsworth, husband of the sole party complainant, was not disqualified to testify in her behalf as to transactions had with Randall. His interest is such as to suggest great caution in the consideration of his testimony, but it is not such as to render his testimony illegal. His disqualifying interest is supposed to arise out of the fact that the judgment of the circuit court, which this bill seeks to impeach, on the ground that her title was purely equitale and unavailable in the law court, was a judgment against the witness for costs. We have not the terms of that judgment before us. Assuming it to have been a judgment against the witness in extent and effect the same as that against the complainant in this bill, still it does not appear that the witness has a pecuniary interest in the result of this suit. He is not a party, and no relief for or against him can be decreed under the pleadings in this cause, nor will the decree to be rendered be legal evidence for or against him in some other action. "A case cannot arise for the application of the disqualifying exception of the statute, unless it involves a direct, certain, and immediate conflict of interests between the dead and the living, or unless the record thereof may be used as an instrument of evidence to support the claims of the witness, or to protect him from an admitted liability."—*Poe v. Dorrah,* 20 Ala. 288, 56 Am. Dec. 196; *Ala. Gold Life Ins. Co. v. Sledge,* 62 Ala. 566; *Manegold v. Massachusetts Life Ins. Co.,* 131 Ala. 180, 31 South. 86; *Oliver v. Williams,* 163 Ala. 376, 50 South. 937. Such expectation of interest in his wife's property as the witness may have depends upon her prior death, and is analogous to that of an heir ex-

pectant, by which, as held in *Harraway v. Harraway,*
136 Ala. 499, 34 South. 836, a witness is not disquali-
fied.—*Henderson v. Brunson,* 141 Ala. 674, 37 South.
549. The purpose of the common-law rule of exclusion,
and of the statute, so far as it preserves the rule of the
common law, is to remove the temptation to perjury.
But appellant's rule would exclude all witnesses from
testifying as to transactions with deceased persons, for
all witnesses may be exposed to temptations, other than
such as are directly offered by the result of the suit.
The evidence of the witness J. T. Killingsworth was
properly taken into consideration by the court below,
and, in connection with the corroboration to be found
in the record, justified the conclusion reached.

Affirmed. All the Justices concur, except DOWDELL,
C. J., not sitting.