(85 South. 531)

## LOWERY et al. v. PRITCHETT.
### (3 Div. 449.)

(Supreme Court of Alabama.   June 3, 1920.)

1. **Work and labor** ⬡⇒7(2)—**Presumption as to gratuitous services as between parent and child.**

As for articles furnished or services rendered by parent to child or child to parent, or those occupying such a relationship, the presumption arises that the services are gratuitous, but this presumption may be rebutted by proof of an express contract, or a contract implied in fact, that is, established by facts and circumstances which show at the time the services were rendered both parties contemplated or intended a pecuniary compensation therefor.

2. **Work and labor** ⬡⇒7(3)—**Presumption as to gratuitous services applies between mother-in-law and child.**

The rule that the services rendered by a parent for a child, or a child for a parent, are gratuitous, applies as between a mother-in-law and a child, where they are members of one family to all intents and purposes, to the same extent as if the relationship is by blood instead of marriage.

Somerville and Thomas, JJ., dissenting.

Appeal from Probate Court, Escambia County; M. R. McLellan, Judge.

T. H. Pritchett, as administrator of the estate of Mary J. Lowery, filed his accounts and vouchers for the final settlement of the estate. There was contest by R. F. Lowery and others, distributees of the estate, and from a decree passing the account contestants appeal. Reversed and remanded.

The item contested was a bill for $600 in favor of T. H. Pritchett and paid by himself as administrator to himself for services rendered by claimant to the decedent during the ten months of her last illness and for the living expenses of decedent. It appeared that Pritchett was the son-in-law of Mary J. Lowery, deceased, and was appointed administrator of her estate. He testified that she came to live with him in April, 1916, and remained until her death in 1917, and that she was suffering from dropsy, and about four weeks before she died she fell and broke her hip, and that during all this time he did no work at his calling, but, under the direction of the doctor, gave all his attention to nursing and waiting on the decedent. There was other evidence pro and con as to the services rendered, but no evidence of any agreement between Pritchett and his mother-in-law that he should be paid for his services or for her board and lodging.

Hamilton, Page & Caffey, of Brewton, for appellants.

The judgment of the court should be reversed on the following authorities: 132 Ala. 85, 31 South. 454; 141 Ala. 343, 37 South. 451; 97 Pac. 764; 11 R. C. L. 208.

Leon G. Brooks, of Brewton, for appellee.

This case should be affirmed, on the authorities cited by appellant and the following authority: 47 Wash. 196, 91 Pac. 764, 11 L. R. A. (N. S.) 873, and cases cited in note; 146 N. C. 329, 59 S. E. 873; 206 Mass. 62, 91 N. E. 1023.

ANDERSON, C. J. [1] As for articles furnished or services rendered by parent to child or child to parent, or those occupying such a relationship, the presumption arises that the services are gratuitous; but this presumption may be rebutted by proof of an express contract, or a contract implied in fact, that is, established by facts and circumstances which show that at the time the services were rendered both parties contemplated, or intended, a pecuniary compensation therefor. Butler v. Kent, 152 Ala. 594, 44 South. 863; 8 Am. & Eng. Enc. of Law, 1023.

"Whenever, therefore, compensation is claimed in any case by either parent or child against the other for services rendered, or the like, the question whether the claim should be allowed must be determined from the particular circumstances of the case. There can be no fixed rule governing all cases alike. In the absence of any direct proof of an express contract, the question which must be determined is whether it can be reasonably inferred that pecuniary compensation was in view of the parties at the time the services were rendered, or the support was furnished; and the solution of this question depends upon the consideration of all the circumstances of the case." Patterson v. Carter, 147 Ala. 522, 41 South. 133; 21 Am. & Eng. Enc. of Law, 1061.

It would therefore appear from the foregoing cases that there need not be an express promise to pay, and that one may be implied from facts and circumstances apart from the mere furnishing of the articles or rendition of the service, and from which it could be reasonably inferred that it was within the contemplation of both parties that the things furnished or services rendered were not gratuitous. This seems to be the rule, not only as laid down in the cases supra, but as followed in our early case of Kinnebrew v. Kinnebrew, 35 Ala. 628. In other words, as we understand the rule, when this relationship exists there is no presumption of an im-

plied promise to pay as would be the case between those who do not occupy such a relationship, and there must be either proof of an express agreement to pay or of such facts and circumstances that would establish an implied one to do so, and which said proof should be in addition to or independent of the mere proof of furnishing the articles or rendering the service. For an interesting discussion of this subject, see note to the case of Hodge v. Hodge, 47 Wash. 196, 91 Pac. 764, 11 L. R. A. (N. S.) 873.

The cases of Borum v. Bell, 132 Ala. 85, 31 South. 454, and Meyers v. Meyers, 141 Ala. 343, 37 South. 451, both by the same writer, held that in order to recover there must have been an express contract to pay, and said cases are in this respect in conflict with the present holding and the cases supra, as well as the best-considered cases in other jurisdictions, as well as text-books and compilations. The case of Borum v. Bell relies on a statement in 3 Am. & Eng. Enc. of Law (1st Ed.) p. 861, and the Meyers Case is based on said Bell Case, and the expression as found in said third volume of the Am. & Eng. Enc. of Law (1st Ed.) p. 861, and which is not only in conflict with our own cases but with the rule laid down in the second edition of the Am. & Eng. Enc. of Law, vol. 21, p. 1061, and vol. 8, p. 1023, and said cases of Borum v. Bell and Meyers v. Meyers are to this extent overruled.

[2] The decedent having been the mother-in-law and a member of this appellee's family, to all intents and purposes, the rule as above declared applied to them to the same extent as if the relationship had been by blood instead of marriage. 11 R. C. L. § 233, p. 209; Young's Estate, 148 Pa. 575, 24 Atl. 124; Hinkle v. Sage, 67 Ohio St. 256, 65 N. E. 999; King v. Kelly, 28 Ind. 89; Patterson v. Carter, 147 Ala. 522, 41 South. 133.

The majority of the court, however, are of the opinion that the evidence in this case fails to establish either an express or implied promise on the part of the decedent to pay this appellee board, or for the services claimed to have been rendered. In other words, the evidence fails to establish a reasonable inference that it was within the contemplation or intention of both of said parties that the appellee should receive a pecuniary compensation for the board or services claimed. Moreover, there was not satisfactory data as to the value of said services or the board, as the evidence introduced by him was not the best or proper way of proving same.

The decree of the probate court is accordingly reversed, and the cause is remanded.

McCLELLAN, SAYRE, GARDNER, and BROWN, JJ., concur.

SOMERVILLE and THOMAS, JJ., while concurring in the law as above enunciated, are of the opinion that the evidence offered afforded a reasonable inference of an implied promise to pay the appellee's claim, and that there was sufficient data as to the value of the same to warrant the finding of the trial court, and therefore dissent.

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes