(98 South. 885)

### NELSON v. NELSON et al.   (3 Div. 640.)

(Supreme Court of Alabama.   Jan. 24, 1924.)

**I. Work and labor ⊙⟼7(2)—Services of parent to child or vice versa presumed gratuitous.**

Services rendered or articles furnished by a parent to child or child to parent, or those occupying such relationship, are presumed gratuitous, though the presumption may be rebutted by proof of an express or implied contract, established by facts and circumstances showing both parties contemplated pecuniary compensation.

**2. Contracts ⊙⟼28(3)—Evidence held insufficient to establish contract for services.**

Evidence *held* insufficient to establish a contract between deceased and her daughter-in-law for compensation for services rendered.

Appeal from Circuit Court, Autauga County; G. F. Smoot, Judge.

Bill in equity by J. J. Nelson against J. M. Nelson and others. From the decree complainant appeals. Affirmed.

The bill in this cause was filed by J. J. Nelson, and seeks the sale of certain lands belonging to the estate of Rebecca Nelson, deceased, for the payment of debts and division of the remainder of the proceeds among the joint owners.

It appears from the bill that the complainant was the son of Rebecca Nelson, and after her death was appointed as administrator of her estate; that at her death she owned the lands described, of which the several heirs at law of Rebecca, named in the bill and made parties respondent, are now joint owners or tenants in common; that said lands cannot be equitably divided among the joint owners without a sale. It is further shown that said Rebecca left no personal property sufficient to pay debts, and that a claim against her estate has been filed in the probate court by Estelle Nelson for $2,150.

Respondents demurred to the bill, which was sustained by the court. Thereafter complainant filed a petition for the removal of the estate of Rebecca Nelson from the probate court to the circuit court, in equity, which petition was by the court granted, and a decree of removal entered. Thereupon complainant amended his original bill to show the fact of this decree.

It appears from the record that the claim mentioned in the bill, and for the payment of which a sale of the lands is sought, consisted of charges made by Estelle Nelson, wife of complainant, for services rendered to the deceased, such as boarding, washing, and nursing, for clothing and medicines furnished, and for burial expenses.

Upon submission of the cause on pleading and proof the court decreed that the prayer for a sale of the lands for payment of debts was not supported by the testimony, and denied said prayer, that, as to the prayer for a sale for division among the heirs, the complainant was entitled to relief, and ordered sale to be made by the register and report thereof made to the court.

From this decree the appeal is prosecuted by the complainant, and denial of a sale of the lands for payment of debts is assigned as error.

Ballard & Jones, of Prattville, for appellant.

The presumption of gratuitous services is overcome by the assertion of the decedent that she wished her daughter-in-law compensated therefor. Lowery v. Pritchett, 204 Ala. 328, 85 South. 531; Patterson v. Carter, 147 Ala. 522, 41 South. 133; 8 A. & E. Ency. 1023.

Gipson & Booth, of Prattville, and F. Loyd Tate, of Wetumpka, for appellees.

The fact that they lived as one family, it is conclusively presumed that the services rendered the decedent were gratuitous, being by a daughter-in-law to the mother of her husband. There is no implied contract to pay for such services. Hardiman v. Crick, 131 Ky. 358, 115 S. W. 236, 133 Am. St. Rep. 250; Lowery v. Pritchett, 204 Ala. 328, 85 South. 531; 22 C. J. 156.

ANDERSON, C. J. [1, 2] It has been settled by this court that for articles furnished or services rendered by parent to child or child to parent, or those occupying such a relationship, the presumption arises that the services are gratuitous; but this presumption may be rebutted by proof of an express contract, or a contract implied in fact—that is, established by facts and circumstances which show that at the time the services were rendered both parties contemplated or intended a pecuniary compensation therefor. Lowery v. Pritchett, 204 Ala. 328, 85 South. 531. We think that the trial court properly held that the evidence failed to establish an express contract between the deceased and her daughter-in-law for compensation for what service she may have rendered the former, or afforded a reasonable inference that both parties contemplated or intended a pecuniary

---

⊙⟼For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

compensation for same. True, one witness testified that the deceased said her daughter-in-law was good to her "and she wanted to pay her for all she did for her," but this witness also stated that her mind was bad at the time. Indeed, the appellant, in an effort to magnify the need and value of the services rendered by his wife to his mother, practically succeeded in showing that she was mentally incapable of making a binding contract.

The trial court did not err in disallowing the claim in question and the decree of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.