(121 So. 82)

**CROFT v. CROFT et al.   (7 Div. 856.)**

Supreme Court of Alabama.   March 21, 1929.

L. B. Rainey, of Gadsden, for appellant.

Young & Longshore and Rutherford Lapsley, all of Anniston, for appellees.

FOSTER, J. W. H. Croft died intestate. Ben F. Croft, his brother, was appointed administrator. The estate was removed to the circuit court in equity. The administrator filed a petition to sell land for division. J. O. Bundrum and A. T. Bundrum each filed a petition of intervention, alleging that the deceased was indebted to each of them in separate amounts. Their petitions were answered, denying the existence of the debts, and thereupon a reference was ordered. The register reported allowing the claims. The court overruled exceptions to the report, and decreed the existence of the claims against the estate, and the administrator has prosecuted an appeal from such decree. The register's report contains the following statement: "The register does not hesitate to say that he has not been greatly impressed with the validity of these claims, especially as the evidence shows that none of those claims were ever presented to W. H. Croft in his lifetime, though it appears that W. H. Croft was the owner of the property, and apparently at times, had money in the bank."

The wife of J. O. Bundrum was a daughter of the wife of Croft by a former husband. J. O. Bundrum and wife lived on the land of decedent, and paid him little or nothing for rent. His claim is for board to deceased and his wife, the mother of Mrs. Bundrum. When Mrs. Croft died, he went to stay with A. T. Bundrum, who bore no relation to deceased. The only evidence of any contract with J. O. Bundrum was given by his wife to the effect that Mr. Bundrum furnished and paid for groceries for taking care of them, and that Mr. Croft promised her husband to pay for his groceries. The claim is not for groceries, but for board and lodging in the house and on the land of decedent.

The register further says that "in the face of the direct testimony offered by the claimants (he) does not feel that he would be justified in disallowing these claims." We will first consider the claim of J. O. Bundrum for "board and lodging." We think that, in view of the fact that neither the register nor counsel for appellant have cited any of the cases of Nelson v. Nelson, 210 Ala. 592, 98 So. 885; Lowery v. Pritchett, 204 Ala. 328, 85 So. 531; Borum v. Bell, 132 Ala. 85, 31 So. 454; Meyers v. Meyers, 141 Ala. 343, 37 So. 451; or 24 C. J. 401, or 11 R. C. L. 209, the principles of law there stated may have been overlooked in the circuit court. When the relation of parent and child exists, "there is no presumption of an implied promise to pay [for board and lodging] as would be the case between those who do not occupy such a relationship, and there must be either proof of an express agreement to pay or of such facts and circumstances that would establish an implied one, * * * in addition to or independent of the mere proof of furnishing the articles or rendering the service." Lowery v. Pritchett, supra; Nelson v. Nelson, supra. It was also pointed out that the relation of mother-in-law to son-in-law invokes the same principle, citing 11 R. C L. § 233, p. 209, where we find it stated that the principle also applies to stepfather and stepson.

While an express agreement need not be shown, there must be independent proof of facts from which an inference should be drawn that there was an expectation on the part of both parties to the transaction that such payment would be made. As the register points out, the circumstances have a tendency to a contrary inference. Such a claim should rather be supported by clear and convincing proof. 24 C. J. 404, 405.

The only evidence of an express contract is that given by Mrs. Bundrum. While she was a competent witness to that effect (Meyers v. Meyers, supra), we think it did not show an express promise to pay for "board and lodging." We think, therefore, that when the register spoke of "direct testimony" in this connection, it related only to evidence that decedent lived in the house with claimant, and that he furnished board and lodging. "Long delay in presenting or prosecuting a claim creates a strong presumption against its validity particularly where the claim was not asserted in the life of the alleged debtor." 24 C. J. 401. We think this claim should have been disallowed. As strong circumstances against the claim, mention may be made of the facts that the claimant and his wife lived in decedent's house and on his farm three years, and only claim to have paid him anything as rent for one year, and never made claim to decedent for the account though he was financially able to pay it.

The item of $100 for medical attention and burial expenses, and the claim of A. T. Bundrum, are not controlled by the foregoing rules of law.

We therefore direct that the decree of the circuit court be modified so as to eliminate the charge of $540 in favor of J. O. Bundrum for "thirty-six months board and lodging at $15.00 per month," and it is in other respects affirmed.

Affirmed, as modified.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.