194 So. 528

**DUNCAN v. JOHNSON et al.**

**7 Div. 596.**

Supreme Court of Alabama.

March 7, 1940.

184

McCord & Miller, of Gadsden, for appellant.

Julius S. Swann, of Gadsden, for appellees.

FOSTER, Justice.

The only question argued in this case is whether a daughter of an aged insane mother should be reimbursed out of her estate for services and supplies necessarily rendered in caring for her.

The mother had lived with this daughter, who is appellant here, most of the time for fifteen years before her death, except when in the asylum. She was sent to the asylum in 1932, and from then until 1936 she spent approximately twenty months at the hospital, and twelve months at the dwelling of appellant, and died September 20, 1936, at the age of seventy-nine. She left a small dwelling of four rooms, valued at about five hundred dollars, here sought to be sold for division. She had no other estate. The most of the fifteen years she was without mental understanding, and had to be attended and cared for as a child, and furnished her food and clothes. Appellant did all this, and incurred special expense in this respect and in transporting her to and from the asylum. During some of this time appellant occupied the house of the mother,—its rental value was shown to be seven or eight dollars a month. The value of the special services rendered was variously estimated: some said $35, and some $50 a month, and others on a different basis. There was another daughter and two sons, but they did little for her.

There is evidence that at lucid intervals the mother expressed a purpose to give the house to appellant for taking care of her; and there was other evidence of statements that she wanted each of her children to share equally in it.

Appellant's sister, who now owns a half interest, having acquired one brother's interest, was originally made a complainant here with the other brother, but she was stricken as a complainant, and made a respondent. She made answer and in it seems not to contest the fact of this claim, but seeks an ascertainment of it by the court. She also asserted a claim but has not pressed it.

The general principle is now well settled in this State that when a child furnishes articles and services, including board and attention, to a parent, the prima facie presumption is that they were gratuitous; but this presumption may be overcome by a contract expressed or implied to pay for them. Lowery v. Pritchett, 204 Ala. 328, 85 So. 531; Nelson v. Nelson, 210 Ala. 592, 98 So. 885.

Such an agreement is implied between near relatives when the circumstances are such that a mutual intent to pay and receive compensation for such services and supplies is a reasonable and just conclusion. Coleman v. Adkins, 232 Ala. 351, 168 So. 184.

It is said in 28 R.C.L. 677: "It seems possible to argue with much plausibility that judges should be astute in finding reasons for drawing from the testimony infer-

ences favorable to the claimant, rather than suspicious of its credibility and severe in gauging its sufficiency."

But we are here dealing with an insane person who can make no express contract. But she is ordinarily liable on an implied contract for necessaries furnished her suitable to her estate and condition in life. Section 6824, Code; Ex parte Northington, 37 Ala. 496, 79 Am.Dec. 67; Davis v. Tarver, 65 Ala. 98.

This court in Borum v. Bell, 132 Ala. 85, 31 So. 454, (and in Meyers v. Meyers, 141 Ala. 343, 37 So. 451), held that an implied contract is not sufficient to fasten such a claim, and since the decedent in that case was insane there could be and was no express contract. But this court in Lowery v. Pritchett, supra, overruled those cases in that respect, and restored the law otherwise existing that an implied contract serves in this respect, when the circumstances are sufficient to justify such a finding. Indeed, this principle seems to be universally recognized. 28 R.C.L. 680, sec. 15; 24 Corpus Juris 284, 285.

So that in this case, should such a contract be implied? Of course, if some person under no obligation by relationship or otherwise should furnish such nature of service and supplies, as were done here, there would be an implied agreement to pay for them, under the principles we have stated. And if there were nothing here shown but that a daughter furnished clothes, board and lodging for her mother, there would be no implication of a contract. We are not impressed by the loose statements the mother is alleged to have made in that connection.

But when a parent becomes insane so as to need the special care and attention here shown, and one of the children has the entire burden of supplying it, the courts have held that those circumstances are sufficient to support such an implied agreement upon the idea that they were furnished with a reasonable expectation of reimbursement. 28 R.C.L. 689, note 14; Reando v. Mosplay, 90 Mo. 251, 2 S.W. 405, 59 Am. Rep. 13; Humble v. Humble, 152 Ky. 160, 153 S.W. 249; Durr v. Durr, Ky., 82 S.W. 581; Hartley v. Hartley's Estate, 173 Mo. App. 18, 155 S.W. 1099.

We think the principle of those cases has full application to the facts shown by the evidence in this case, and that the claim should be allowed when the amount of it is ascertained on the reference which has been ordered for other purposes.

In rendering a decree of sale in this case the court referred certain matters to the register, not including the claim of appellant which was expressly denied. We think the decree should be modified so as to include in the reference the ascertainment of a just and proper amount to be allowed appellant on a consideration of the principles we have here declared, and to take into account the fact that appellant had occupied the dwelling in question during at least a part of the time covered by her claim.

There is no other contention made in respect to the decree. It is reversed so far as it denies such claim to appellant, and remanded, with instructions to include that inquiry in the reference to the register. The decree is otherwise affirmed.

Affirmed in part, and reversed in part, and remanded, with instructions.

GARDNER, THOMAS, and BOULDIN, JJ., concur.