24 So.2d 28

### BOX v. BOX et al.
### 7 Div. 784.

Supreme Court of Alabama.

Oct. 11, 1945.

Rehearing Denied Dec. 20, 1945.

George Rogers and Wm. E. James, both of Birmingham, for appellant..

Hood, Inzer, Martin & Suttle, of Gadsden, for appellees.

BROWN, Justice.

This appeal is from a decree of the Circuit Court of St. Clair County sitting in equity allowing in part the claims of W. R. Box and Carolyn Box filed against the estate of W. S. Edmondson, deceased, in the course of the administration of said estate, which has been removed from the probate court to the circuit court on the application of appellant, an heir at law of said decedent.

Motion is made here to dismiss the appeal on several grounds, among others, that appellant seeks to review two decrees by a single appeal; that citation of appeal was not served on appellees, and that the appeal is not authorized by law.

As we construe the decree, it is one decree, disposing of two claims filed against the estate and contested by the appellant as an heir at law. The point that the citation was not served has been met by citation issued from this court before the submission of the cause. We have recently ruled that such decree is a final decree and

will support an appeal. Hyde v. Starnes, ante, p. 26, 22 So.2d 421; Willingham v. Starnes et al., ante, p. 30, 22 So.2d 424. The motion to dismiss the appeal is therefore overruled.

■ Suggestion in brief by appellees is made that there should be a severance in the assignment of error. The appeal is by a single contestant, an heir at law, from the final decree which sustains in part the claims of both appellees. Assignments of error are made by the appellant separately in respect to the ruling and decree of the court as to each of said claims. This is all that it necessary to present the question sought to be reviewed.

■ Some question is raised by appellees as to the regularity of the submission on October 15, 1943, in respect to note of testimony by the contestant. The decree of the court entered on the 12th of October, 1943, recites:

"This cause having been submitted for decree on the contest of the claims of W. R. (Ralph) and Carolyn Box, in the above estate, on notes of submission filed on behalf of the parties, and no decree having been rendered within four months of the filing of said notes of submission, the Court is of the opinion that a re-submission is necessary under Equity Rule 68 [Code 1940, Tit. 7 Appendix.]

"It is, therefore, ordered that the original submission be and the same is hereby set aside and that the cause be re-submitted for final decree on the contest of the aforementioned claims."

It does not appear that there was any amendment of the pleadings or that other testimony than that offered on the original submission was offered on the second submission. Therefore, it was not necessary for the parties to file additional notes of testimony. Kinney v. White et al., 215 Ala. 247, 249, 110 So. 394; Cox v. Brown, 198 Ala. 638, 73 So. 964.

The evidence is without dispute that the claimants and their daughter lived in the house with the decedent, who was an uncle of the claimant Ralph Box, as one family. That the decedent Edmondson owned the house and the farm connected therewith, and that said Ralph Box had lived with him during his bachelorhood. That Ralph married and brought his wife to live in the home, where the daughter was born. That they lived together as one family from the time of said marriage up until the death of decedent. It further appears that the decedent took the said Ralph in as a partner in the mercantile business. That he permitted Ralph to establish an automobile repair shop and a grist mill, and operate the same, and receive all the benefits and profits therefrom. That he permitted said claimants to use the premises for raising chickens, turkeys and hogs and other farm produce, which they used and disposed to their own use, without charge by decedent of rents for the use of his property. That said decedent engaged in farming operations through tenants, and looked after and managed same, and collected all the rents arising therefrom. That he was a man of some means, loaned money, and always had cash on hand from which he paid his bills for hospitalization and medical services.

Evidence shows that the alleged services, the bases of said claims, were rendered by the claimants in the course of caring for decedent's home for the benefit of the family. No accounts or other record or memorandum of any kind was kept in respect to such services. And, in addition to the reciprocal benefits received by the claimants from the use of decedent's property, the evidence shows that a short time before decedent's death he delivered to his nephew's wife Carolyn admittedly $184 in cash, and there was some evidence tending to show that decedent kept more cash in his immediate possession than this amount, which was never found.

■■ The essential basis of such claims against a decedent's estate is a contract express or implied between the claimants and said decedent. The burden of proof rests upon the claimants to show contracts. In carrying this burden, the testimony of the claimants in respect to transactions with the deceased Smith Edmondson is clearly incompetent. Code 1940, Tit. 7, § 433; O'Rear v. Kimbro, 227 Ala. 22, 148 So. 435; Patterson et al. v. Johnson et al., 225 Ala. 401, 402, 145 So. 560; Patterson v. Carter, 147 Ala. 522, 41 So. 133.

■ The contention of the appellees that each of said claimants is a competent witness for the other to establish a contract, the alleged basis of each of said claims, cannot be sustained. They each have a common interest in establishing the existence of such contract—interested in the issue and the result of the trial—and fall clearly within the disqualifying provisions of the statute. Code 1940, Tit. 7, § 433.

In Croft v. Croft et al., 219 Ala. 94, 121 So. 82, the witness Mrs. Borum was not a party to the controversy and had no claim against the estate. In Moore v. Robinson, 214 Ala. 412, 108 So. 233, the wife of the claimant, who had been improperly joined as a party, was withdrawn, and this withdrawal rendered her a competent witness to support the claim of the husband. In Hardy v. Killingsworth, 174 Ala. 322, 56 So. 965, the husband of the complainant, who was held not disqualified by the statute to testify as a witness in respect to transaction with Randall, had no pecuniary interest in the controversy. The other cases cited are likewise inapt to support the contention.

"The courts regard with suspicion and disfavor claims brought against an estate for personal services rendered by relatives, especially where the latter are members of decedent's immediate family or household, as the presumption is that such services between persons occupying such relations are intended to be gratuitous, and hence claims against the estate of a decedent made by near relatives for personal services require stronger proof to establish them than ordinary claims by strangers. The rule applies when the family relationship actually existed between claimant and decedent, although there was neither consanguinity, affinity, nor adoption." 24 Corpus Juris, p. 281, § 881; 34 C.J.S., Executors and Administrators, § 371; Patterson v. Carter, supra.

Such suspicion and disfavor may be overcome by clear and convincing competent evidence showing an expressed agreement by the decedent to pay or proof of facts showing an expectation on the part of the decedent at the time the services were rendered to pay for such services and such expectation on the part of the claimant at the time the services are rendered to receive such payment. Croft v. Croft, supra; Hyde v. Starnes, supra; Willingham v. Starnes et al., supra.

Disregarding the incompetent personal testimony of the two claimants but considering such as is competent, and the competent testimony of other witnesses, we are constrained to hold that the claimants have failed to meet and carry the burden of proof resting upon them. We have stated some facts in connection with which we state the further facts which superinduce this conclusion.

The decedent Smith Edmondson departed this life on March 19, 1939, leaving surviving as his heirs at law two brothers, S. B. and H. S. Edmondson; two sisters, Nannie E. Box, the appellant, and Aggie Usury, named in the petition for letters of administration, and Malcomb Edmondson, a nephew, the son of a deceased brother. Soon after decedent's death the appellee Ralph Box, accompanied by H. S. Edmondson, one of the uncles, contacted the other heirs and procured from them an agreement to divide the properties of the estate equally between Nannie E. Box, the appellant, the mother of Ralph Box, and Ralph; and procured from said heirs a waiver of their right to the appointment as administrator of the estate. Ralph then applied and was appointed by the probate court as administrator and assumed charge and control of the property belonging to the estate. In the petition for letters of administration he stated that the property of the estate consisted of two farms of value $3,500, and personal property estimated to be worth about $380. The first inventory filed by the administrator shows cash in bank, $380; personal property mortgage of H. A. Lonnergan and Sam High, balance due, $28.21; money loaned to S. B. Edmondson, not including interest $600, showing total value of the estate, $4,508.21.

In a subsequent inventory he listed personal property mortgage of M. C. Crump, $225; personal property mortgage Ben Williamson, $1,500; iron bedstead with some bed clothing, $5. For some reason the proposed division of the property of the estate between appellant and Ralph Box was not consummated. Thereafter appellees, while the administration was pending in the probate court, filed itemized claims against the estate aggregating $10,319.40 for services rendered, room and board, medicine furnished, taxes paid on decedent's property, money furnished to pay on purchase price of land purchased by decedent, nursing and care of the deceased, running through eleven years previous to his death, 1928-1939. While the evidence shows that decedent was not in good health during said years, he was able to look after his business, was not confined to his room, needed no special attention in the home until about two months before his death, and during that time he was up and around the house, and was only confined to his room for the last week or ten days. The trial court reduced the claim of appellee

Ralph Box from $6,649.40 to $1,000; and reduced the claim of the other claimant from $3,690 to $2,500.

After the death of Edmondson, Ralph Box claimed to be the sole owner of the mercantile business, of the automobile which was confessedly purchased by the partnership, and, in the course of his testimony, he spoke of the home of Edmondson as his home.

The asserted frugality of the appellees, in the circumstances which the great weight of the evidence establishes, which enabled him to support a family and accumulate an estate of greater value in ten years than decedent had been able to accumulate in a lifetime, unduly taxes judicial credulity.

While the weight of the legal and competent evidence goes to show that the deceased contemplated making a will in which he probably intended to make said claimants beneficiaries, the evidence wholly fails to show that there was any expectation on the part of the deceased Edmondson that he would have to pay claimants for any or all of the items of said claims, or that claimants at the time the services were rendered expected to receive any other payment than the reciprocal benefits arising from the relationship of the parties, the use by claimants of Edmondson's property, and the cash money which he turned over to the claimant Mrs. Box.

"While an express agreement need not be shown, there must be independent proof of facts from which an inference should be drawn that there was an expectation on the part of both parties to the transaction that such payment would be made. * * *" Croft v. Croft, 219 Ala. 94, 95, 121 So. 82, 83.

The law requires that claims of the character here under consideration be supported by clear and convincing evidence, and the absence of reciprocal benefits attending the relationship of the parties. 71 Corpus Juris p. 78, § 38.

The ruling of the circuit court clearly indicates that a large part of both of said claims were fabricated, and we are clearly of the opinion that they should both be denied in toto on the ground that claimants failed to meet and carry the burden of proof resting upon them. In approving said claims as reduced the circuit court erred. For this error the decree of that court is reversed, and one here rendered denying both of said claims, taxing the costs in-cident to the prosecution of said claims, and the contest thereof in the circuit court and the costs of this appeal, against the appellees.

Reversed and rendered.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.