35 So.2d 330

## PATTERSON v. REHFUSS.
### I Div. 299.

Supreme Court of Alabama.

May 13, 1948.

Caffey, Gallalee & Caffey, of Mobile, for appellant.

Johnston, McCall & Johnston, of Mobile, for appellee.

GARDNER, Chief Justice.

The administrator of the estate of Emma Lillian McAndrew, deceased, has appealed from a final decree of the Circuit Court of Mobile County, in Equity, allowing in much modified form the claim of Josephine McAndrew Rehfuss, the daughter of decedent, against said estate. The claim consists of items for services rendered by the daughter in nursing and caring for the decedent and for advancements of money made to and for the decedent.

The contest of this claim was heard by the circuit judge sitting in equity, testimony given by witnesses who were examined in open court, which testimony was duly taken down and transcribed.

The original claim as duly filed and itemized amounted to the sum of $8,957.53, all of which was disallowed by the court in the final decree rendered except to the extent of $1,310.88.

As we understand the decree, the claim allowed both for advancements and for services rendered goes no further back than 1941, and the larger portion of the amount so allowed includes expenditures of money by the claimant for improvement of her mother's residence, all of which is itemized in the decree rendered. The court selected, however, certain periods in 1941 and 1942 for services rendered by the complainant in nursing, and caring for her mother, and perhaps including some supervision of the house by way of rental collections.

Claimant with her husband was residing in California and came to Mobile to assist her mother at the earnest solicitation of her brother John, who lived with his family in a separate house in that city. Though the brother, of course, could make no binding agreement so far as his mother was concerned, yet it is worthy of note that, from the standpoint of claimant, in importuning her to come to Mobile the brother assured her that her expenses would be paid for out of the property when the mother's illness should finally prove fatal, an event which apparently was not far distant. It is clear enough the earnest appeal to claimant for assistance to their mother in her advanced age and enfeebled physical condition, influenced claimant to leave her California home and come to Mobile in the latter part of February, 1941, where she remained to the time of her mother's death, May 1st, 1942. That she rendered valuable services cannot be questioned. She lived in the room with her mother and it is evident gave her every attention required. True, the son's wife also gave assistance and there was some hired help, but it is quite evident that the greater burden fell upon this claimant.

This is a comparatively small estate consisting of a house and lot, as we read the record valued at some $12,500.00, encumbered to an unknown extent.

It is a sad case of disagreement among the three children far advanced in life, all

with separate families, with disruption of friendly relations theretofore existing between them. True enough the son John, as long as he was financially able to do so, assisted his mother some years ago with considerable financial contributions from his salary. For this he is to be given due commendation. The married daughter in Chicago appears to play little part in this litigation or in the trouble and expense incident to the mother's illness. The mother was near eighty years of age but evidently of a very determined and independent character.

We may add that the trial court was fully justified from the proof to find that claimant was all along a devoted daughter and certainly through this particular period devoted necessary time and attention to her welfare.

In rendering the decree the trial judge did not allow for the full period of nursing and caring for the decedent, but evidently selected those periods most trying in her illness.

There were numerous expenditures made by claimant and the court was justified in finding from the evidence that the amount of rent received, much if not all of which was probably handled by claimant, did not suffice for the expenses, and that the items enumerated in the decree consisted of funds of claimant paid out for the house and furnishings.

In 1936 claimant came from her home in New Jersey in answer to a telegram from her brother John as to his mother's serious illness, and she cared for her mother from March to October 1936, and assisted in looking after the house. From the proof the court could well find that she paid board and contributed ten dollars per month toward her mother's expenses, all of which was pursuant to agreement among these adult children that such a contribution from each would meet the needs of the mother.

Claimant had built a kitchen and bathroom in previous years to the improvement of the house. But these items as well as many others in the claim filed were clearly barred by the statute of limitations.

Claimant made other contributions in money of her own for her mother prior to the visit in February, 1941. But we may add here, in answer to the cross assignments of error, that the court was justified in finding that all contributions, as well as nursing and attention to the mother prior to 1941, was with no expectation of reimbursement, but merely an effort to meet a trying situation and in answer to a conscientious call of filial duty. The court had before him all the witnesses in this case and we would not feel justified in disturbing his finding in this respect.

■■ For reversal of the decree rendered appellant rests in large part upon the well recognized principle that for articles furnished or services rendered by a child to a parent, the presumption is that the services were gratuitous. Of course all of our authorities agree that this presumption may be rebutted by proof of an express contract, or a contract implied in fact, that is established by facts and circumstances disclosing that at the time the services were rendered both parties contemplated or intended a pecuniary compensation therefor. Lowery v. Pritchett, 204 Ala. 328, 85 So. 531; Nelson v. Nelson, 210 Ala. 592, 98 So. 885; Croft v. Croft, 219 Ala. 94, 121 So. 82; Hyde v. Starnes, 247 Ala. 26, 22 So.2d 421; Box v. Box, 247 Ala. 291, 24 So.2d 28; Barker v. Barker, 245 Ala. 344, 17 So.2d 157. True in the instant case there is no proof of any contract, no statement by the mother to anyone concerning payment. There is a writing, however, made by the mother evidently in 1941, concerning the fact that her youngest daughter, this claimant, had expended much of her funds for her and the house as well as advanced four bonds given to her by this daughter. We are impressed this writing indicated reimbursement to this claimant. Perhaps she had faith that these adult children would amicably settle all of these matters. The case turns therefore upon the question of an implied contract. Such an implied contract was recognized in Colman v. Adkins, 232 Ala. 351, 168 So. 184, and in Duncan v. Johnson, 239 Ala. 183, 194 So. 528. Much depends upon the facts and circumstances of each particu-

lar case. Here the mother very clearly knew and understood that this daughter had left her home in California to look after her and her affairs, including the house. In 11 R.C.L. 209 it is stated that where an adult child removes from the home of the parent and marries and afterwards renders personal services to the parent which are voluntarily accepted, a promise on the part of the parent to pay therefor may be implied. As supporting this statement is the North Carolina case of Winkler v. Killian, 141 N.C. 575, 54 S.E. 540, 115 Am.St.Rep. 694. See also Mark v. Boardman, 28 Ky.Law Rep. ´¯5, 89 S. W. 481, 1 L.R.A.,N.S., 819, and authorities cited in the note. The North Carolina court in the Winkler case places stress upon the holding of our own court in the early case of Parker v. Parker, 33 Ala. 459. There, as here, no agreement for payment for services rendered was shown, yet the holding was that the adult son living separate and apart from the father had a right to claim compensation for looking after the supervision of his father's farming business, and that an implied contract for payment was established. The facts appearing in that case sustains the view that the trial judge here was justified in finding for claimant upon the theory of an implied contract.

There is something said in brief about the allowance of some of the claim for items furnished after the death of the mother. But as we read the decree these items concerned burial expenses of which clearly the administrator could offer no complaint. The record is rather voluminous and we have attempted no detailed account. But we are impressed that the trial judge who saw and heard these witnesses has rendered an equitable decree in the solution of a very difficult problem.

Our conclusion is that the assignments of error both upon the original and cross appeal are not well taken and that the decree should be here affirmed. It is so ordered.

Affirmed.

BROWN, LIVINGSTON and SIMPSON, JJ., concur.