50 So.2d 262

**SCHMALE v. BOLTE.**

6 Div. 62.

Supreme Court of Alabama.

Feb. 1, 1951.

Wm. E. James, of Cullman, for appellant.

H. A. Entrekin, of Cullman, for appellee.

FOSTER, Justice.

This is an appeal from a decree of the circuit court, in equity, to which the administration of a decedent's estate had been removed, wherein that court allowed a claim in part in favor of a sister of deceased for services rendered to her during the last two years of her life when she was quite ill. The proceedings were had under authority of section 216, Title 61, Code, Pocket Part, as amended by the Act of July 1, 1943, General Acts 1943, page 308. An appeal lies from such a decree by virtue of that statute to this Court. Willingham v. Starnes, 247 Ala. 30, 22 So. 2d 424.

The contentions made by appellant, as stated in brief, are: (1) no evidence was noted by appellee on the submission of the cause for final decree; (2) appellee failed to prove a contract either express or implied for payment of the alleged personal services, and (3) appellee failed to prove that her account was past due and unpaid.

■ With reference to the first contention, noted above, we observe that Rule 57 of Equity Practice, Code 1940, Tit. 7, Appendix, makes a note of testimony unnecessary as to any testimony given orally before the judge in open court. All of the evidence was thus given.

■ Appellant argues that the verified claim of appellee should have been introduced and noted. But we cannot agree. Such claim is in the nature of pleading, not evidence. It is not necessary to note pleading. Cox v. Dunn, 243 Ala. 176, 9 So. 2d 1.

Appellant's brief contains no recital whatsoever of the evidence in any sort of form. Appellee's brief contains much matter of evidence, but does not purport to contain it all. The court heard the evidence given orally under Rule 56, Equity Practice, Code 1940, Tit. 7, Appendix, and recited his finding of facts upon which his decree was based.

In the case of New York Life Ins. Co. v. Mason, 236 Ala. 44, 180 So. 775, 780, this Court made observation with reference to Supreme Court Rule 10 to the effect that it was "to enable this court to determine from the briefs of counsel whether there was error in proceedings in the court below, without making it necessary to explore the entire record." We have also referred to the fact that Supreme Court Rules 10 and 11, Code 1940, Tit. 7, Appendix, are directory and that this Court can exercise its discretion in the consideration of briefs although not drafted in accordance with the requirements of the rules generally. Simmons v. Cochran, 252 Ala. 461, 41 So.2d 579. We have read the evidence as set out in the record in the exercise of that discretion.

■■ The question presented is one of fact only, and that is whether or not the deceased was bound by contract, either express or implied, to pay to appellee anything for her care and services while she was attending upon her. Our decisions are to the effect that it is not necessary for such a contract to be expressed, but may be implied. The burden of proof rests upon the claimant and her testimony as to transactions with and statements by the deceased are not competent evidence. Box v. Box, 247 Ala. 291, 24 So.2d 28; Patterson v. Rehfuss, 250 Ala. 508, 35 So.2d 330; Coleman v. Adkins, 232 Ala. 351, 168 So. 184; Lowery v. Pritchett, 204 Ala. 328, 85 So. 531; Duncan v. Johnson, 239 Ala. 183, 194 So. 528. But she may testify to transactions and conversations between deceased and other parties which she heard. Homewood Dairy Products Co. v. Robinson, Ala. Sup., 48 So.2d 28.[1] She may also testify to occurrences which are not transactions with or statements by her. Richards v. Williams, 231 Ala. 450, 165 So. 820.

It appears from the evidence that the decedent had been a widow for several years and was feeble in mind and body, and her sister, the appellee, was an unmarried school teacher when they began to live together in 1929. They were both possessed of substantial property. Mrs. Hampel, the deceased, lived alone and so did appellee. Appellee moved into the home of Mrs. Hampel some twenty years before Mrs. Hampel's death for the purpose of caring for her. They were companionable and each was helpful to the other. In doing so, appellee reluctantly gave up her teaching profession. She was not seeking a home nor acting for her personal benefit. She owned a home of her own. Approximately two years before Mrs. Hampel died, in May 1949, she had a stroke, and thereafter she required special care and attention. This was rendered by appellee except during seven months of that time when such service was rendered by a nephew who was paid therefor the sum of $495.00 before Mrs. Hampel's death. For services during that period of time the court made no allowance to the appellee, and made no allowance to her for services rendered prior to Mrs. Hampel's stroke in February 1947.

■ The evidence shows that Mrs. Hampel expressed a desire to bequeath to appellee her home in consideration of the services rendered her, and wrote an instrument in the nature of a will to that effect, but it was not signed nor witnessed or ef-

1. 254 Ala. 197.

fective as a will. It also appears that she later wanted another sister to have a half interest in the home, but she never completed such disposition. That circumstance tends to show an intent to reimburse appellee for such services. That and other evidence is sufficient to support an inference that such was the intent of Mrs. Hampel but that it was never performed, and that there was an implied contract to that effect which was never carried out. The trial judge heard all the evidence and saw all the witnesses, and recited in his decree his conclusions and the substance of the controlling features of the evidence. It amply supports his finding.

We think it sufficiently shows that such a claim was unpaid and therefore not controlled by Winter v. Pollak, 188 Ala. 153, 66 So. 11, as reported in that and several other appeals. Hunt v. Murdock, 229 Ala. 277, 156 So. 841.

The same reasoning applies to the cross assignments of error. Appellee seeks a modification of the decree so as to include compensation for services rendered prior to the time when Mrs. Hampel had a stroke. But it is not clear that the court was in error in denying this claim, thereby finding that for such period it was not contemplated by them that appellee should receive compensation.

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.