ADAMS, Justice.
Plaintiff, Homus V. Green, appeals from the Madison County Circuit Court’s judgment in favor of the defendant, the estate of Lucille G. Wisener, deceased. Green filed a claim against the estate for $100,-000.00 allegedly due him for wages and labor at the deceased’s business prior to her death. The trial court, sitting without a jury, found that Green was not entitled to the money he sought, and ruled in favor of the estate. Thereafter, Green filed a motion for new trial, which was denied. Green appealed.
The sole issue for our review is whether the trial court’s judgment was supported by the evidence. We are of the opinion that it was, and, therefore, it is due to be affirmed.
Lucille Wisener owned and operated the Maple Grove Motel in Huntsville, Alabama, for a number of years prior to her death in 1984. In 1976, however, Wisener became ill, and it was at this time that Homus Green first came to Huntsville to help Wis- *755 ener run the motel. The evidence is disputed as to whether Green came voluntarily, or whether he was promised some remuneration by Wisener. Later that year, Green and his wife placed Wisener in a nursing home. On July 26, 1977, Wisener was declared non compos mentis by the Probate Court of Madison County. The next month, Green was appointed guardian of the estate of Lucille Wisener.
On June 23, 1978, during the time that Wisener was non compos mentis and still living in a nursing home, she executed a will dividing her property between Homus Green, Walden Green (her brother), and Lacey Mae Brooks (her sister). On September 17, 1979, an order of restoration of sanity was entered by the Probate Judge of Madison County. This order also removed the guardianship of Homus Green.
While Wisener was still in a nursing home, her condition deteriorated severely. This prompted her sister’s son-in-law to take her to his home in Oklahoma. There, she recovered her health, and later returned to Alabama in May 1979.
Wisener contacted Jerry Colley, her attorney, and requested that he prepare for her a new will that did not include Homus Green. The new will was drawn up on September 12, 1984, and included the following sentence: “I am not including my brother, Homus Green, as a beneficiary since he has already been compensated by me for services performed.” Lucille Wis-ener died approximately eight hours after this will was executed.
On appeal, Green argues that there was evidence produced at trial which established the existence of either an express or implied contract between him and his sister, Lucille Wisener, for the work that he did at the motel. Green asserts that since there was evidence produced of a contract, and since there was no evidence produced that Wisener ever compensated him for the work that he did for her at the motel, he is entitled to wages due and compensation for labor. Finally, Green argues that the evidence produced at trial does not support the trial court’s judgment.
This case was presented to the trial court sitting without a jury. Therefore, the ore tenus rule applies. Simply stated, the ore tenus rule gives a presumption of correctness to the trial court’s findings of fact, and the judgment based upon those findings will not be disturbed unless the findings are palpably wrong, without supporting evidence, or manifestly unjust. See Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985). In other words, if the trial court’s judgment is supported by credible evidence, then it is due to be affirmed. According to the testimony produced at trial, Green and his wife were paid for their food, lodging, gasoline, and other expenses out of motel funds. Originally, Lucille Wisener ran the motel with her brother Odie. When Odie died, Lucille Wisener gave Odie’s boat, motor, and trailer to Ho-mus Green. In addition to all this, there was testimony from one witness that she saw Lucille Wisener give cash to Green on several occasions.
After Lucille Wisener returned to Huntsville from Oklahoma, she complained on many occasions to Green and his wife that they were trying to “take over” the motel. At trial, Green’s wife admitted that they did not get along very well with Lucille Wisener. Wisener had also made the statement on more than one occasion that Green had received more than he was entitled to for any work that he had done at the motel.
Sometime in 1980, Wisener told Green to leave the motel and to never return, that she did not want to see him there anymore. Over the next four years, Green spoke with his sister on two occasions by telephone. On neither occasion did he make any claim against her for any money that she owed him as wages or compensation for the work that he had done at the motel. Rather, the first time that Green claimed that he was owed money was after her death.
Furthermore, Green stated that he worked full time at the Maple Grove Motel between the periods of January 2, 1976, and June 20, 1980, and that he was never paid for any of the work that he did. During his testimony, however, he admitted *756 that during that time he was employed full time — 8 hours per day, 6 days per week — in Tennessee. Also, he contradicted himself and admitted that he did in fact receive money from Lucille Wisener for working at the motel.
We are of the opinion that there was sufficient evidence upon which to base the judgment that Green was not entitled to any monies from the estate of Lucille Wisener. While it is true that the ore tenus rule mandates that we affirm the trial court’s judgment absent abuse of discretion, this Court has decided several cases similar to the one sub judice that are of precedential value. One such case is Box v. Box, 247 Ala. 291, 24 So.2d 28 (1946), wherein this Court stated:
The courts regard with suspicion and disfavor claims brought against an estate for personal services rendered by relatives, especially where the latter are members of the decedent’s immediate family or household, as the presumption is that such services between persons occupying such relations are intended to be gratuitous, and hence claims against the estate of a decedent made by near relatives for personal services require stronger proof to establish them than ordinary claims by strangers.
247 Ala. at 295, 24 So.2d at 31. See also Harrison v. Harrison, 261 Ala. 648, 75 So.2d 620 (1954). Also, it has long been the rule in Alabama that delay in the presentation of claims such as the one in the instant case creates a presumption against the validity of the claim, particularly when the claim is not presented during the lifetime of the alleged debtor. Croft v. Croft, 219 Ala. 94, 121 So. 82 (1929). Finally, in Humphrey v. Boschung, 47 Ala.App. 310, 253 So.2d 760, aff'd, 287 Ala. 600, 253 So.2d 769 (Ala.Civ.App.1970), the Court of Civil Appeals stated that the presumption against an implied contract is especially applicable when the work is originally begun voluntarily.
For all of the above-stated reasons, it is clear to this Court that the judgment of the trial court was correct. Therefore, it is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.