No. 94.—BAKER, WILCOX & Co. plaintiffs in error, *vs.* REUBEN HERNDON, defendant.

[1.] That construction of the 4th section of the Statute of Frauds, which requires, that in every agreement to answer for the debt, default or miscarriages of another, the consideration must appear in writing, having been adopted by the English Courts subsequent to the 14th of May, 1776; it is doubtful if the same has been ever settled or sanctioned as the law of our State. Such being the case, our Act of January 19th, 1852, declaring what shall be the proper construction of this section, is decisive thereof, and applies to an agreement made before the passage of the Act.

Attachment, in Floyd Superior Court.   Tried before Judge TRIPPE, December Term, 1854.

The facts are fully set forth in the bill of exceptions, as follows:

Baker, Wilcox & Co. offered in evidence the following instruments in writing, of which the following are true copies, to-wit:

" STATE OF GEORGIA, FLOYD COUNTY:

I, Reuben Herndon, do agree to pay, or cause to be paid, to Messrs. Scranton & Smith of Augusta, the sum of Three Hundred and Ninety Two Dollars, and Messrs. Baker, Wilcox & Co. of Augusta, the sum of Two Hundred and Five Dollars—said notes made and signed by Thomas H. Causler, which said sums of money I do pay or cause to be paid for the said Causler.   January 28th, 1847.

REUBEN HERNDON."

" $205$\frac{61}{100}$.             KINGSTON, GA. January, 18th, 1847.

One day after date I promise to pay Baker, Wilcox & Co. or order, Two Hundred and Five $\frac{61}{100}$ Dollars, for value received.

T. H. CAUSLER."

It was admitted that said note was the note referred to in said instrument of writing, and the testimony of John H. Underwood, which was admitted, as follows:

Said Herndon and said T. H. Causler were in co-partnership in selling groceries; that said Herndon agreed to pay said Causler the money said Causler had advanced, with interest from time paid in, and said Herndon took all the effects belonging to them, and was to pay said debts given for goods, bought for them together; heard Herndon promise Thomas S. Baker, of said firm of Baker, Wilcox & Co. to pay said debt due said firm. Plaintiffs then closed. Defendant offered no evidence, but requested the Court to charge the Jury, that said instruments in writing sued on, came within the 4th section of the Statute of Frauds and Perjuries, and that the plaintiffs, therefore, were not entitled to recover.

That the Act of the Legislature being an Act to give a construction to the fourth section of the Statute of Frauds, so far as the same relates to a party defendant being chargeable upon any special promise to answer for the debt, default or miscarriages of a third person, &c. approved January 19th, 1852, did not act retrospectively, and could not embrace this case; and that the writing aforesaid being dated before the passage of the Act, could not be enforced under said Act, although suit was brought on said instrument subsequently to the passage of the Act.

That there was no sufficient evidence offered to relieve said instrument of writing sued upon from the operation of the Statute of Frauds; that said instrument must show a consideration upon its face.

The Court then charged the Jury as follows:

" That the instrument sued upon came within the 4th section of the Statute of Frauds; and therefore, the plaintiffs could not recover upon said instrument, it being to pay the debt of a third person; and that no consideration appeared upon the face of the instrument, to relieve it from said Statute of Frauds.

That the Act of January 19th, 1852, could not apply to this cause, it having no retro-active force, the instrument sued upon being dated previous to the passage of the Act, although the suit was brought subsequently to the passage of the Act.

That there was no sufficient evidence offered to relieve said instrument of writing sued upon from the operation of the Statute of Frauds; that said instrument must show a consideration upon its face."

To which charges of the Court thus given, Counsel for plaintiffs then and there excepted, and now in this Court excepts, and alleges the same to be error.

PRINTUP, for plaintiff in error.

UNDERWOOD, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] This agreement is within the 4th section of the Statute of Frauds, according to the construction which has been usually given to that Statute. If that construction controls this contract, this instrument is void. But should it govern it?

The language of the Statute is, that "No action shall be brought" &c. "whereby to charge the defendant upon any special promise to answer for the debt, default, or miscarriages of another person, &c. unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith," &c. Now the construction to which we are referring, has been based upon the signification of the word "agreement". It has been held that an agreement is a contract; that the consideration is an integral part of every contract, and should not lie in averment or parol.

This view of the subject is not without its difficulties. Why should the word agreement, in this connection, receive so very strict a construction?

In the view of the matter which this construction involves,

every contract of this sort should import and comprehend a perfect mutuality of obligation; otherwise, *the whole agreement* is not to be considered in writing. In such case, both parties (as is somewhere suggested) should sign the instrument; otherwise, the full consideration for the signing by the party charged, does not appear in the writing. This is carrying the doctrine to an extent greater than it was ever carried before the case of *Wain vs. Walters*, (5 *East.* 10); in which the word *agreement* received the construction of which we have been speaking, to an extent, indeed, which was not recognized when the laws of England were first adopted in our State.

The case of *Wain vs. Walters* was decided in the year 1804. The case of *Eyerton vs. Matthews*, (6 *East.* 30,) followed soon afterwards. And on these two cases this doctrine chiefly rests for support. It may be well doubted, therefore, whether or not this construction has been ever settled and sanctioned by proper authority, as the law of Georgia.

Thus looking at the matter, we regard the Act of January 19th, 1852, as settling the question. That Act declares: "That from and after the passage of this Act, that part of the 4th section of the Statute of Frauds, so far as the same relates to a party defendant being chargeable upon any special promise to answer for the debt, default or miscarriages of a third person, &c. be so construed as to make any party defendant liable and chargeable upon any special promise to answer for the debt, default, or miscarriages of a third person : *Provided,* the same be reduced to writing, and that the express agreement, in writing, to answer for the debt, default, or miscarriages of a third person be sufficient to sustain an action on the same, although no consideration may be expressed in the written agreement to do the same." These terms may be considered as a legislative declaration, of the sense in which this section of the Statute of Frauds had been adopted and made the law of our State.

In this point of view it is not objectionable, as being re-troactive in its effect.

Nor can this effect of the Act be considered as unconstitu-

tional in any point of view.    It cannot be said to be *ex post facto* in its character, for the reason that it is not a penal Statute, as well as for the reason which shows it not to be re-troactive. It cannot properly be said to impair the obligation of a contract, because it makes that a contract which, by a different construction, would have been none.    Nor does it deprive any one of a vested right, in the constitutional sense of the term.

If not in one of these ways unconstitutional, it cannot be denied but that the Legislature had the undoubted right to pass this Act, declaring the sense in which a Statute of the British Parliament had been adopted and made the law of Georgia.

We may observe, in passing, though it is not necessary to the view of this case, which we present, that re-trospective Acts, the legality of which no one disputes, are being continually passed by the Legislature of our State; as we have had occasion to mention in the case of *Boston & Gunby vs. Cumming*, (16 *Ga. R.* 102,) which see for the many instances there cited.    In addition to which, see the Act of December 17th, 1825, making valid all bonds theretofore given in this State by administrators or guardians, *payable to the Court of Ordinary, Members of the Inferior Court, Judges of the Inferior Court, &c.*

For the reasons given therefore, we are of the opinion that the Act of 1852 is applicable to the agreement in question, and must control this case.

Judgment reversed. ☙