CRAMER, Inc. v. PATTERSON

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7424.  Decided June 28, 1926

1105. STATUTE OF FRAUD—The legislature, by amending 8621 GC. and making it necessary for a commission contract for sale of real estate to be in writing, merely promulgated a rule of evidence which shall be held applicable to all causes of action brought into court after passage of said amendment.

LEVINE, P. J.

George I. Cramer, Inc. filed a statement of claim in the Cleveland Municipal Court against Proctor Patterson seeking to recover a commission for the sale of certain real property. It was claimed that a contract, not in writing, was entered into on Sept. 24, 1924, in which Patterson was to pay five per cent of the purchase price as commission.

A purchaser was obtained by the Cramer, Inc. Co., and the property was later deeded for a consideration of $20,000, the negotiations and sale having taken place in the latter part of 1925, and in early part of 1926 respectively. Patterson demurred to plaintiff's statement of claim on the ground that the action was brought on a contract not in writing and that the alleged agreement was one of those mentioned in 8621 GC. requiring such agreement to be in writing. The lower court sustained the demurrer. The Cramer Co. prosecuted error and contended that the oral contract entered into might be termed an executory contract, and it is therefore a contract to all intents and purposes. The Court of Appeals held:

1. Sec. 8621 GC. as amended, which Patterson depended upon in his demurrer, was

passed March 27, 1925; approved April 9, 1925; filed in secretary of State's office April 10, 1925 and became effective July 10, 1925.

2. It is urged by plaintiff in error that to give amended section 8621 GC. the construction desired by defendant, would invalidate the entire section for the reason that the legislature has no power to pass any ex post facto law impairing the validity of contracts, executory or otherwise.

3. The verbal arrangement entered into between the parties is a unilateral contract which amounts merely to an offer which can be accepted by the real estate broker only by performing all the terms of the offer; that is by securing a purchaser at the price named by the seller.

4. Assuming that a contract existed prior to the passage of the amendment of 8621 GC., that amendment relates not to the right secured under the contract but affects the remedy only, so that it may be held that the statute is retroactive in its effect.

5. The legislature by amendment merely promulgated a rule of evidence which shall be held applicable to all causes of action brought into court after passage of the amendment.

6. Since rules of evidence are incident to the remedy only, a statute which abolishes or modifies the remedy is not in conflict with the constitutional guarantee in Art. I, Sec. 10, U. S. Constitution.

7. Plaintiff's right of action accrued when the sale of the property had been consummated, during the forepart of 1926; so that the Cramer Co.'s right of action did not become fixed until several months after the amended section 8621 GC. became effective.

8. Plaintiff had neither a pending cause of action or an existing cause of action, within the provisions of 8621 GC. at the time the amended law became effective and the full force and effect of such law relating as it does, to plaintiff's remedy, must be held applicable to this present action.

Action in sustaining demurrer was correct and judgment affirmed.

(Sullivan and Vickery, JJ., concur.)

Attorneys—Frank L. Marvin for Cramer; Tolles, Hogsett, Ginn & Morely for Patterson; all of Cleveland.