WILKINS, ADMR., v. COCHRAN.

*Administrators and executors—Action by grandparents for compensation for services rendered deceased grandchild— Express contract for care and support of grandchild unnecessary—Estate liable for necessaries unless clearly shown to be gratuitous—Intention to render gratuitous services not shown by grandparent's testimony—Implied contract to pay for services raised by evidence.*

1. In action by grandparent against administrator of estate of deceased granddaughter to recover compensation for care and support of infant granddaughter, express contract to pay for services rendered need not be shown.
2. Child's estate would be liable for necessaries unless it is clearly shown that grandparents intended maintenance and support of grandchild to be gratuitous.
3. In action by grandparent against administrator of estate of grandchild to recover compensation for care and support of grandchild, testimony by grandmother that she was not thinking at time of charging for services rendered did not show that grandparents intended services to be gratuitous, but rather showed absence of any intention on subject, and did not preclude recovery.
4. In action by grandparent against administrator of grandchild to recover compensation for care and support rendered grandchild, evidence showing that child was cared for by grandparents from birth until death at age of four, after both parents had died, and that child was

sickly and delicate, raised implied contract in favor of grandparents to pay for services and expenses.

(Decided December 13, 1926.)

ERROR: Court of Appeals for Knox county.

*Mr. Barton W. Blair,* for plaintiff in error.
*Mr. L. T. Cromley,* for defendant in error.

FERNEDING, J. Alonzo M. Cochran brought suit against the administrator of the estate of Genevieve L. Cochran, deceased, his granddaughter, to recover compensation for the care and support of said granddaughter in the sum of $2,430, covering a period from November 9, 1921, to August 31, 1924. The answer sets forth two defenses, which may be stated briefly as follows:

First, that the child was a member of the plaintiff's family, and there was no express contract for payment for said services and expenses; and, second, that neither the plaintiff nor his wife intended to charge said grandchild for said services and expenses, and under such circumstances the same must be considered as a gratuity.

The amount of the claim is not questioned, the only contention being that the plaintiff is not entitled to recover. The case was tried and a general verdict was returned in favor of the plaintiff for the amount claimed. The jury also returned special verdicts as follows:

"Interrogations for Jury to Answer.

"No. 1. Do you find that after the death of the parents of Genevieve L. Cochran, that plaintiff and plaintiff's wife stood in the relation of parents to Genevieve L. Cochran? Answer: No.

"No. 2. Do you find that after the death of the parents of Genevieve L. Cochran, that plaintiff and plaintiff's wife took or kept said Genevieve L. Cochran in their home and made or constituted her a member of their family? Answer: No.

"No. 3. Do you find that plaintiff or plaintiff's wife expected to charge for care, maintenance, and support of their minor granddaughter at the time said care, maintenance, and support was furnished? Answer: Yes."

The evidence shows that the granddaughter was two days old when the mother died. After the funeral, when the child was six days old, the father took it into the home of the grandparents where he also resided. When the child was eighteen months old, the father was accidentally killed. The child continued to live with the grandparents until its death at the age of four years. After the death of the child an administrator was appointed, and the plaintiff's claim was duly presented and rejected.

There is no evidence tending to prove an express contract between the grandparents with any one representing the grandchild. We think, however, that an express contract was not necessary, under the rule laid down by the Supreme Court in the case of _Scattergood_ v. _Ingram,_ 86 Ohio St., 76, 98 N. E., 923. In this case it was expressly held that the case of _Hinkle et al., Ex'rs.,_ v. _Sage,_ 67 Ohio St., 256, 65 N. E., 999, does not apply to a claim for necessaries against one who is not _sui juris._ In this opinion it was stated:

"It would be absurd to require a contract with one incapable of making it."

This, therefore, disposes of the question of the express contract under the *Hinkle* v. *Sage case.*

The other question relates to the testimony of the grandmother in respect to not making charges against the grandchild at the time the services were performed. Mrs. Cochran testified as follows:

"Q. Did you make any contract with the guardian to receive any pay for taking care of this little girl. Did you Mrs. Cochran? A.. Did I make a contract?

"Q. Yes? A. No; I never thought about it.

"Q. You never thought about it, nor did your husband? A. In the interest of the child; we wanted her to get well.

"Q. You nor your husband, neither one, made a contract with the guardian for keeping the little girl did you? A. No.

"Q. You wanted the little girl to get well, did you not? A. I sure did.

"Q. It didn't make any difference to you whether she had a dime or not, did it—the little girl—so far as your taking care of her was concerned? A. I took care of her. I wasn't thinking about that. I wasn't thinking about her money or her father's money, either. All I wanted was the food of the child.

"Q. You were not thinking about her money or her father's money either, at the time you took care of her, did you? A. No; I wanted her to get well, and to have everything done for her that she needed.

"Q. If she was penniless you would have taken care of her just the same? A. Where is the grandmother that wouldn't take care of a grandchild, money, or no money?

"Q. And you did, regardless of whether she had any money or not, you would have taken care of her, wouldn't you? A. Why, I surely would."

It appears that the grandchild was a sickly and very delicate child, requiring much care and attention. During the month of January, before her death in August, she became paralyzed and help less. It is extremely doubtful whether the grandparents expected that this child would ever be able to render compensatory services.

The jury found, by the answer to interrogatory No. 3, that the grandparents expected to charge for the care, maintenance, and support of the granddaughter. If this finding can be supported, it would be on the theory that the circumstances of the case justify it. We are of opinion, however, that it is not necessary to uphold their finding of fact to its full extent. A child's estate would be liable for necessaries unless it be clearly proved that the grandparents intended the maintenance and support of the grandchild to be gratuitous. While the grandmother testified that she was not thinking of charging for expenses and services at the time the services were rendered, yet it does not appear from the testimony that either, or both, of the grandparents intended that the charges should be gratuitous. The testimony of the grandmother, fairly construed, shows rather an absence of any intention on the subject.

Under the particular circumstances of this case, and especially in view of the condition of the child, we think that there would be an implied contract in favor of the grandparents for their services and expenses, and that the general verdict of the jury

and the judgment of the court of common pleas should be sustained.

*Judgment affirmed.*

ALLREAD and LEMERT, JJ., concur.

Judges FERNEDING and ALLREAD of the Second Appellate District sitting in place of HOUCK and SHIELDS, JJ.