Schoenl *v.* The Warner-White Co.

(Decided May 7, 1928.)

*Messrs. White, Hammond, Brewer & Curtiss,* for plaintiff in error.

*Messrs. Griswold, Green, Palmer & Hadden,* for defendant in error.

Sullivan, P. J.    This is a proceeding in error

from the common pleas court of Cuyahoga county, and the question to be determined is whether, under the allegations of the amended petition and the statement to the jury, there is any basis for recovery under an oral contract relating to the sale of 142 lots in an allotment owned by defendant, made between the defendant company and the plaintiff as agent. The amount to be received depended upon a certain commission to be paid to plaintiff upon the sale of the lots, and it is alleged that a short time after March, 1925, the date of the alleged oral contract, the same was breached by the defendant company, which employed another party by contract to sell the same lots. The total consideration which it is claimed would have been received for the lots, had the contract not been breached, is $143,520, plus, and a commission of 12 per cent. would have amounted to a sum of over $17,000, for which sum plaintiff prayed. Thus the theory of plaintiff was that the action is one for breach of contract, based upon the creation of an agency.

Among the allegations of the amended petition is one to the effect that immediately prior to the breach of the contract plaintiff had gone to considerable expense, such as putting up billboards, advertising, etc., but it is conceded that at the time of the alleged breach no lots had been sold by plaintiff, and that in about one year's time the third party, substituted for plaintiff, had sold all the lots. Thus the structure for damages is built upon the theory that plaintiff would have found a market within the time specified, and would have sold the lots under the oral contract, and thus would have been entitled to his commission of something more than $17,000.

The contract in question was made prior to July 9, 1925, the effective date of amendment of Section

8621 of the General Code, which is known as the statute of frauds. The amendment of July 9, 1925, among other things provides (111 Ohio Laws, 104):

"No action shall be brought whereby to charge the defendant, upon a special promise, * * * nor upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate."

The court below, by reason of this amendment, sustained the objection to any evidence under the amended petition and the statement made by counsel to the jury, and the question here is whether the court thereby committed error of a prejudicial nature.

We think, under the authorities, that the statute of frauds, as amended, applies to the case at bar, and that the court below was right in its ruling, for the reason that the statute is remedial in its nature, and, being so, is effective as against suits like the one at bar, commenced after the law became operative.

Under *Leroux* v. *Brown,* 12 Common Bench Rep., 801, 138 Eng. Rep. Reprint, 1119; *Heaton* v. *Eldridge & Higgins,* 56 Ohio St., 87, 46 N. E., 638, 36 L. R. A., 817, 60 Am. St. Rep., 737, and authorities of a similar nature, the statute is remedial beyond a question. Paragraph 2 of the syllabus in the *Heaton case, supra,* reads as follows:

"2. Section 4199 of the Revised Statutes prescribes a rule of procedure to be observed by courts whose jurisdiction is invoked for the enforcement of contracts to which the statute relates; and the mode and measure of proof required by the statute are indispensable to the establishment of such agreements, wherever they may have been made."

The *Heaton case, supra,* quotes *Leroux* v. *Brown,*

and cites numerous American authorities, which, in our judgment, establish as law applying to the case at bar the doctrine that the statute of frauds is a remedial statute. In any event, the English ruling in *Leroux* v. *Brown, supra,* has been followed by the Supreme Court in the *Heaton case, supra.*

A reading of those cases seems conclusive of the doctrine that contracts find sanction by applying the law of the place where they are to be executed, but that the remedial part of the procedure must be administered according to the law of the place where relief is sought.

From a reading of *Elder* v. *Shoffstall,* 90 Ohio St., 265, at pages 272, 273, 274, 107 N. E., 539, it seems conclusive, from an analysis of the reasoning, that remedial statutes such as the one under consideration, which we hold applicable to the instant case, are applicable to all actions commenced after the law becomes operative.

We quote from *Elder* v. *Shoffstall,* at page 273 (107 N. E., 542):

"This amendment clearly evidences the legislative intent to distinguish between statutes relating to the remedy and statutes that do not relate to the remedy. Construed in the light of the decision of this court in the case of *Warner* v. *B. & O. Rd. Co.,* [31 Ohio St., 265], *supra,* this statute now provides that the amendment or repeal of statutes that do not relate to the remedy shall not affect pending actions, prosecutions, or proceedings, civil or criminal, nor causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless it is otherwise expressly provided in the amending or repealing act. *But, with reference to amendments or repeals of statutes that relate to the remedy, the provision is that such amendment or*

*repeal shall not affect pending actions, prosecutions, or proceedings, unless so expressed."*

The court, on page 274 (107 N. E., 542), uses this language:

"Section 11455, as amended, however, relates to the remedy only, and therefore does apply to all actions commenced in the common pleas courts of this state after the 14th day of May, 1913, regardless of the time when the cause of action arose."

A reading of the above quotations from *Elder* v. *Shoffstall* is explanatory of General Code, Section 26, which relates to the effect of repeals and amendments, and this section of the General Code should be interpreted in the light of *Elder* v. *Shoffstall*. From a reading of the authorities applying to the section under discussion it is clear that the intention of the legislature in amending Section 8621, in the language as herein quoted, providing for contracts concerning the sale of real estate to be in writing, was merely to adopt by legislative act a rule of evidence to operate in all litigation subsequent to the passing of the amendment.

It is unquestionably true, from a reading of all the authorities that apply to questions like the one at bar, that all litigation that existed at the time of the passing of the amendment or repeal of statutes remedial in their nature is not exempt from an application of the provisions of the amendment or repeal.

The summary, therefore, of our views is that the statute of frauds, being remedial in its nature, is intended to, and does, affect all litigation commenced subsequent to the passage of the act, amendment, or repeal.

The language of Section 8621 is significant as to the applicability of the amendment under discussion

to litigation brought after the passage of the act. We read in the first sentence:

"No action shall be brought whereby to charge the defendant, * * * upon a contract or sale of lands, * * * or interest in, or concerning them, nor upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate, * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."

The language of this statute, taken in connection with the authorities cited, especially with respect to the application and effect of remedial statutes, establishes, in our judgment, the doctrine that causes of the character of the one at bar are halted at the very threshold of the courtroom, because of the bar imposed by the operative force of remedial legislation.

There is another aspect of this case which we think is worthy of some note as bearing upon the action of the court below. Under the allegations of the amended petition the alleged contract is unquestionably of a unilateral nature. It is simply a naked authority to sell the lots. There is an offer on one side and an acceptance of the offer upon the other side by the doing of the act. Under such a situation we think there is no obligation upon the vendor, and this view is supported by *Brenner* v. *Spiegle,* 116 Ohio St., 631, 157 N. E., 491. On page 639 of the opinion in the *Brenner case* (157 N. E., 494) we find the following language, which we think is applicable to the case at bar:

"However, whether the authority to sell is exclusive or not exclusive, the principle remains the same,

that the contract is unilateral; that the acceptance is the doing of the act contemplated (in this case the securing of the purchaser), and that there is no mutuality, no consideration, and no binding obligation, and hence no contract prior to that acceptance.''

In the instant case the power to sell is alleged to be exclusive. Under the allegations of the amended petition and the statement to the jury there is no claim that any lots were sold either by plaintiff in error or by anybody for him, and, as to the expenses of advertising, there is no claim that such an element entered into the original contract, and therefore, as to the latter, no obligation whatsoever, we think, was imposed upon the defendant in error, and consequently from this aspect of the case we do not think there is sufficient basis in the allegations of the amended petition upon which to found a verdict or a judgment for nominal damages.

Under the contract, as claimed, we think that there was no ground for any recovery as long as there was no money due, and at the time of the alleged breach no lots had been sold, and therefore no money was due, because the commission was to come out of the proceeds of the sale, according to the allegations of the petition, and necessarily this is true, because commissions are only deducted in brokers' cases from the proceeds of the sale of the property. There were no sales of the property prior to the amendment of the section of the Code in question. Defendant in error was owing plaintiff nothing upon which he could sue.

The alleged breach occurred prior to the passage of the amendment, but there was no injury consequent upon the breach, because there was no sale of lots and no attempt to sell any lots, under the record in the case, prior to the passage of the

amendment, and, consequently, inasmuch as the status was not changed subsequent to the passage of the amendment, there was no cause of action, even though a breach existed either before or after the amendment took effect. If, however, there was a cause of action, the suit was not commenced until after the effective date of the amendment, and hence the rule of evidence laid down in the statute is the guiding force, and, inasmuch as the contract was not in writing, it was in violation of the remedial force and effect of the statute.

Holding these views, the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

LEVINE and VICKERY, JJ., concur.