## SLEMONS v. HUTCHINGS.
### No. 5523.

Court of Civil Appeals of Texas. Amarillo.

Feb. 22, 1943.

Rehearing Denied March 15, 1943.

Ray Cowsert, of Dimmitt, for appellant.
W. H. Russell, of Hereford, for appellee.

FOLLEY, Justice.

This is a suit for a brokerage commission filed by the appellee, A. H. Hutchings, against the appellant, Montgomery Slemons, in connection with the sale of certain lands of the appellant in Castro County for the sum of $32,982.66, for which appellee sought a commission of five per cent of the sale price, amounting to $1649.13. In a trial before a jury judgment was rendered for appellee for the amount sued for and interest, the jury having found that appellant listed the lands with appellee on or about June 1, 1939, and that appellee was the procuring cause of the sale of the lands.

The appeal comes to us without a statement of facts and without findings and conclusions of the trial court. Appellant bases his complaint upon the alleged insufficiency of appellee's pleading to support the judgment, which pleading was duly excepted to by appellant and such point is brought forward in this appeal. The question thus involved is that appellee's petition shows that his cause of action was founded upon an alleged oral agreement within the statute of frauds and particularly prohibited by Section 22 of Article 6573a, Vernon's Ann.Civ.St., The Real Estate Dealers License Act, which law became effective September 20, 1939.

Section 22 of the Article in question is as follows: "No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereto lawfully authorized. This provision shall not apply to any action for commissions pending in any court in this State at the effective date of this Act."

The suit of the appellee was filed on August 13, 1941. From his petition it appears that appellee has been a duly licensed real estate dealer since the effective date of the above Act; that prior to the effective date of such Act he was acting as a real estate broker and appellant listed the lands with him for sale, such listing being entirely oral; that about June 1, 1939, appellant orally reduced the price of the lands and urged appellee to make diligent efforts to sell the same, promising him a five per

cent commission on the sale price; that on said date appellee informed appellant he had a prospect for the lands in the person of M. L. Johnson; that immediately after the verbal agreement of June 1, 1939, appellee wrote Johnson, who lived in another county, about the lands, giving him a description thereof and the price; that he so notified appellant at such time; that thereafter Johnson came to Castro County where he and appellant began negotiations for the sale of the lands; that appellee was not informed at such time of the negotiations between said parties; that such negotiations began in the early part of July, 1939, and continued from time to time until on or about August 17, 1940, when the parties entered into a contract for the sale and purchase for cash of the lands in question at the prices listed with appellee; that the deal was finally consummated on or about January 18, 1941, by the appellant executing a deed conveying the lands to M. L. Johnson for a cash consideration of $32,982.66; that although the sale upon the oral listing was made subsequent to the effective date of the above Act, appellee began his negotiations with Johnson, and all of his efforts occurred, prior thereto; and that his bringing such parties together was the procuring cause of the sale.

 From the above statement of the pleadings, it is obvious that appellee's cause of action, if any, arose subsequent to September 20, 1939, the effective date of the above Act. His petition affirmatively shows that at the time the law became effective, appellant and Johnson were still negotiating for the sale of the lands. These negotiations continued until August 17, 1940, almost a year later, when the parties entered into a contract which was not finally consummated until January 18, 1941, some sixteen months after the effective date of the law. Therefore, when the Act became effective, appellee had earned no commission and no vested rights had accrued in his favor. His oral contract with appellant was merely unilateral in nature. His rights thereunder depended upon his procurement of a purchaser ready, willing, and able to buy the property upon the terms stipulated by appellant. This verbal arrangement did not confer any definite right upon appellee until he had fully performed his part of the agreement and no right of action accrued in his favor until such performance was completed. At the time the law came into being, there was no performance and appellee had neither a cause of action pending nor a cause of action existing. Thus, such law as applied to this suit did not impair the obligation of a contract nor destroy any vested rights. Therefore, the full force and effect of the Act, relating as it does to appellee's remedy, must be held applicable herein which, in the face of appellant's exception, precludes a recovery by appellee upon the oral contract. George I. Cramer, Inc., v. Patterson, 25 Ohio App. 130, 157 N.E. 398; Schoenl v. Warner-White Co., 32 Ohio App. 59, 167 N.E. 598; Levy v. Birnschein, 206 Wis. 486, 240 N.W. 140; McGavock v. Ducharme, 192 Mich. 98, 158 N.W. 173; Kimmel v. King, 125 Ohio St. 505, 182 N. E. 516; Bullard v. Holman, 184 Ga. 788, 193 S.E. 586, 113 A.L.R. 763; Purser v. Pool, Tex.Civ.App., 145 S.W.2d 942; Langever v. Miller, 124 Tex. 80, 76 S.W.2d 1025, 96 A.L.R. 836; City of Fort Worth v. Morrow, Tex.Civ.App., 284 S.W. 275, writ refused; 12 C.J.S. Brokers, p. 143, § 62.

The judgment of the trial court is reversed, and judgment will be rendered for the appellant.