Markland, Appellant, *v.* Harley, Admr., Appellee.

246

(No. 756—Decided October 1, 1958.)

*Messrs. Spidel, Staley & Hole,* for appellant.
*Messrs. Brumbaugh, Brumbaugh & Brumbaugh,* for appellee.

WISEMAN, J. This is an appeal on questions of law from a judgment rendered in favor of the defendant by the Common Pleas Court of Darke County.

One cause of action was set forth in the original petition. During trial the court permitted the plaintiff to amend his petition by setting out two causes of action. The first cause of action was for contribution; the second cause of action was a claim for compensation for personal services rendered to the defendant's decedent. At the close of plaintiff's case, the court

ruled that plaintiff was not entitled to have the first cause of action submitted to a jury, on the ground that the issues raised were equitable in nature. On the first cause of action the court found for the defendant. The court directed the jury to render a verdict for the defendant on the second cause of action.

On motion of the plaintiff the court rendered separate findings of fact and conclusions of law on the first cause of action. Before considering the findings of fact and conclusions of law, we set forth as concisely as possible the factual background which is necessary for a proper appreciation of the questions involved. William E. Markland and Sarah H. Markland, husband and wife, each owned an undivided one-half interest in a 34-acre farm in Darke County. The husband died intestate November 19, 1946, leaving his surviving spouse, Sarah H. Markland, and eight children as his sole heirs at law. At the time of the death of the husband the widow was incompetent, and she was at all times incompetent until the date of her death on November 27, 1954. On May 17, 1954, a guardian of the estate of Sarah H. Markland was appointed by the Probate Court of Darke County. The defendant was appointed administrator of the estate of Sarah H. Markland on December 24, 1954. No administration was commenced in the estate of William E. Markland until the early part of 1954. Upon the death of William E. Markland, the surviving spouse became the owner of a 2/3 interest in the land (she owned in her own right the undivided one-half interest) and each of the 8 children inherited a 1/24th interest in said land.

After the death of William E. Markland, a son, Bruce Markland, the plaintiff herein, continued to live on the farm with the mother. Bruce Markland operated the farm, paid the taxes and insurance, made improvements and repairs on the buildings and fences, paid interest on the mortgage and rendered personal services to the mother. His claim for money expended and for services rendered was disallowed by the administrator of the estate of Sarah H. Markland, and, subsequently, this action was brought.

The first cause of action was one in equity for contribution. Plaintiff sued to recover $1,782.81, being 2/3 of the amount of money expended by the plaintiff for taxes, insurance, repairs,

improvements and interest, etc., on the property, which represents the amount alleged to have been expended for the use and benefit of Sarah H. Markland who owned a 2/3 interest in the property. To the plaintiff's amended petition the defendant filed a general denial and, also, pleaded the statute of limitations. The cause being in equity, the trial court very properly refused to submit the question to the jury.

We set forth the essential part of the separate findings of fact and conclusions of law as follows:

"The court having sustained the plaintiff's motion for separately stating the conclusions of fact found from the conclusions of law with respect to the first cause of action, now finds with respect thereto as follows:

"1. That Bruce Markland was a tenant in common in possession;

"2. That the repairs and payments were made and performed.

"3. That Bruce Markland personally attended to these matters;

"4. That Bruce Markland handled all monies derived from the farm operation;

"5. That the decedent was possessed of no monies at the time of the appointment of a guardian, except those paid her by the administrator of her deceased husband's estate;

"6. That Bruce Markland made no payments from income to the other tenants in common; and

"7. That Bruce Markland offered no evidence whatsoever, or none upon which a presumption could be based, that the monies used by him to pay for the items set forth in the first cause of action were solely his own property. Rather, the presumption arises from the evidence that the monies used by him belonged to the tenants in common;

"and it is further found with respect thereto the conclusions of law as follows:

"That in order for Bruce Markland to prevail under his first cause of action it was necessary for him to prove that he used his own money in payment of the repairs and other items set forth. It is not enough that he prove that the repairs were made and the costs paid.

"To which findings of fact plaintiff excepts both in respect to the specific findings and to the findings of fact which have not been made which should have been made as shown by the record in this cause and also excepts to the conclusions of law based upon said findings of fact so made and which should have been made; and further to all of which the defendant by his counsel excepts."

The failure of the court to make a finding respecting the incompetency of the defendant's decedent is of no legal consequence in resolving the questions presented respecting the first cause of action. The first cause of action was brought by one cotenant, Bruce Markland, the owner of a 1/24th interest in the land, against the estate of a deceased cotenant, Sarah H. Markland who owned a 2/3 interest in the land. It is sufficient to state that after a careful examination of the evidence the conclusion is inescapable that the plaintiff used the proceeds of the farm, 2/3 of which belonged to the decedent and 7/24ths of which belonged to the other heirs at law, to make the payments, repairs and improvements. The plaintiff never accounted to the cotenants. He alone collected the proceeds from the farm and made expenditures. The plaintiff had no other source of income. There was, as found by the trial court, a failure of proof of one essential element in the plaintiff's case. It was incumbent on the plaintiff to prove not only that he made such expenditures, but also that he used his personal funds to do so. We find no prejudicial error in dismissing the plaintiff's first cause of action.

In the second cause of action plaintiff claims compensation for personal services rendered to the decedent. Plaintiff in his amended petition alleges an express contract whereby plaintiff was to be compensated for such services. There was a total failure of proof respecting this allegation. Having failed to prove express contract, the defendant, appellee herein, contends that there can be no recovery under the rule laid down in the well-known case of *Hinkle et al., Exrs.,* v. *Sage,* 67 Ohio St., 256, 65 N. E., 999, as modified by *Merrick* v. *Ditzler,* 91 Ohio St., 256, 110 N. E., 493, respecting the degree of proof. The first paragraph of the syllabus in the case of *Hinkle* v. *Sage, supra,* is as follows:

"In an action to recover compensation for services, when it appears that the plaintiff was a member of the family of the person for whom the services were rendered, no obligation to pay for the services will be implied; and the plaintiff cannot recover in such case unless it be established that there was an express contract upon the one side to perform the services for compensation, and upon the other side to accept the services and pay for them."

In *Merrick* v. *Ditzler, supra,* the court stated that the express contract must be shown by "clear and convincing" proof, rather than by "clear and unequivocal" proof as held in *Hinkle* v. *Sage, supra.* In *Lemunyon* v. *Newcomb, Exr.,* 120 Ohio St., 55, 165 N. E., 533, the court on page 57 stated:

"A number of decisions are cited from other states that are not in accord with the principles laid down in *Hinkle* v. *Sage,* and *Merrick* v. *Ditzler, supra.* The policy in Ohio with respect to the right of recovery against the estate of a deceased parent by a child who lived in the parent's home up to the time of the parent's death is as definitely stated and settled as it well could be by the two decisions of this court cited above, and no sound reason appears why these principles should be varied."

We need not cite any other authorities in support of the general rule. However, the plaintiff, appellant herein, contends that the rule in *Hinkle* v. *Sage, supra* (67 Ohio St., 256), has no application when the person to whom the services were rendered was not *sui juris,* and cites in support of this contention the case of *Scattergood* v. *Ingram,* 86 Ohio St., 76, 98 N. E., 923, the syllabus of which is as follows:

"1. The doctrine that where two persons sustain to each other a family relation one cannot recover against the personal representatives of the other on account of services rendered in that relation except on proof of a contract to make compensation therefor, does not apply to a claim by a guardian for services rendered to an imbecile ward.

"2. In such case allowance for services and compensation is by Section 10953, General Code, to be determined by the court settling the guardian's account, and, it not being a personal claim against the ward, it need not in case of his decease, be presented to his personal representatives."

The syllabus is the law of the case, and we would have little difficulty with the principle announced therein since the court states that the Code sections giving authority to the Probate Court to fix compensation to a guardian for services rendered the ward are controlling under the facts in that case. However, as pointed out by counsel the court in its opinion on pages 78 and 79 (86 Ohio St.) stated:

"In support of his exceptions counsel for the plaintiff in error urges as though it were applicable here, the doctrine held in many cases, including *Hinkle et al., Exrs.,* v. *Sage,* 67 Ohio St., 256, that there can be no recovery on account of services rendered to a deceased person by one who sustained to him the relation of a member of his family, except upon proof of an actual contract. But very obviously the doctrine invoked can apply only to a claim against one who is *sui juris,* for it would be absurd to require a contract with one incapable of making it. * * * *"

The law stated in the syllabus in *Scattergood* v. *Ingram, supra* (86 Ohio St., 76), has been followed by this court in a guardianship case. See *In re Estate of Burns* (Second District Court of Appeals), 52 Ohio Law Abs., 134, 79 N. E. (2d), 234. The principle of law stated in the opinion, which is much broader in its aspect than the law stated in the syllabus, has been followed in *Wilkins, Admr.,* v. *Cochran,* 24 Ohio App., 408, 157 N. E., 494. We quote a portion of the syllabus of the *Wilkins case* as follows:

"1. In action by grandparent against administrator of estate of deceased granddaughter to recover compensation for care and support of infant granddaughter, express contract to pay for services rendered need not be shown.

"2. Child's estate would be liable for necessaries unless it is clearly shown that grandparents intended maintenance and support of grandchild to be gratuitous.
* * * *

"4. In action by grandparent against administrator of grandchild to recover compensation for care and support rendered grandchild, evidence showing that child was cared for by grandparents from birth until death at age of four, after both parents had died, and that child was sickly and delicate, raised

implied contract in favor of grandparents to pay for services and expenses.''

On page 410 of the *Wilkins case* the court said:

''There is no evidence tending to prove an express contract between the grandparents with any one representing the grandchild. We think, however, that an express contract was not necessary, under the rule laid down by the Supreme Court in the case of *Scattergood* v. *Ingram,* 86 Ohio St., 76, 98 N. E., 923. In this case it was expressly held that the case of *Hinkle et al., Ex'rs.,* v. *Sage,* 67 Ohio St., 256, 65 N. E., 999, does not apply to a claim for necessaries against one who is not *sui juris.* In this opinion it was stated:

'' 'It would be absurd to require a contract with one incapable of making it.'

''This, therefore, disposes of the question of the express contract under the *Hinkle* v. *Sage case.*''

The appellant claims that the rule laid down in *Hinkle* v. *Sage, supra* (67 Ohio St., 256), is not applicable because the decedent was not *sui juris,* and the requisite family relationship did not exist. This court, in the case of *In re Estate of Bowman,* 102 Ohio App., 121, 141 N. E. (2d), 499, held:

''3. In determining whether such family relationship exists, the 'reciprocity or mutuality of benefits' test is to be applied; and where reciprocity or mutuality of benefits between such claimant and recipient do not exist the presumption that such services were rendered gratuitously does not attend.

''4. Where a decedent, 82 years old at the time of his death, is ill during his residence with his daughter-in-law, thereby necessitating personal care and attention by her, is rendered valuable personal services by her, is a personal and financial burden on her, and contributes nothing in the way of finances or services to the household, there is an absence of reciprocal and mutual benefits between the parties and a family relationship does not exist; and a claim by such daughter-in-law for such services is properly established.''

In the *Bowman case,* the services were rendered in the home of the claimant; in the instant case the services were rendered in the home of the recipient. In the cited case the recipient contributed nothing in the way of finances or services to

the household; in the instant case the recipient contributed nothing in the way of services, but did contribute towards the upkeep of the home her 2/3 share of the proceeds from the farm operation. In the cited case the recipient was physically incapacitated, but was not mentally incompetent; in the instant case the recipient was incompetent and unable to contract after the death of her husband. This case is distinguishable from the *Bowman case* on the facts. However, we approve and reaffirm the position this court took in the *Bowman case* to the effect that in determining whether a family relationship exists, the "reciprocity or mutuality of benefits" test is to be applied. In applying this test to the facts in the instant case, there is presented this question: Does the fact that the recipient contributed the use of the home and her share of the proceeds from the farm meet the "reciprocity or mutuality of benefits" test? If we should hold that the test of a family relationship is met by the use of the home of the recipient and by the recipient's financial contribution towards the upkeep of the home, we then would be confronted with the language of the Supreme Court in *Scattergood* v. *Ingram, supra* (86 Ohio St., 76), wherein the court, on page 79, said:

"* * * But very obviously the doctrine invoked can apply only to a claim against one who is *sui juris,* for it would be absurd to require a contract with one incapable of making it. * * *"

However, we do not choose to rest our determination of the issue on whether a family relationship did or did not exist. We do not believe this court is warranted in extending the application of the rule in *Hinkle* v. *Sage, supra* (67 Ohio St., 256), beyond the limitation placed on the rule by the Supreme Court. We are prompted to approve and apply the ruling of the Supreme Court to the effect that where the recipient is not *sui juris* the rule in *Hinkle* v. *Sage, supra,* has no application. In support of this proposition counsel for appellant cite numerous cases in other jurisdictions. We cite them as follows: *Henry* v. *Knight* (1919), 74 Ind. App., 562, 122 N. E., 675; *In re Weber's Estate* (1931), 256 Mich., 61, 239 N. W., 260; *Combs* v. *Beatty* (1868), 66 Ky. (3 Bush), 613; *In re Dance's Admr.* v. *Magruder* (1904), 26 Ky. Law Rep., 220, 80 S. W., 1120; *Gover's Adm'r.* v. *Waddle* (1932), 245 Ky., 652, 54 S. W. (2d), 19; *Key, Admr.,*

v. *Harris* (1905), 116 Tenn., 161, 92 S. W., 235; *Duncan* v. *Johnson* (1940), 239 Ala., 183, 194 So., 528; *O'Mealy, Admr.,* v. *Grum* (1940), 186 Okla., 697, 100 P. (2d), 265; *Fuller* v. *Mowery, Admr.* (1893), 18 R. I., 424, 28 A., 606.

In *Henry* v. *Knight, supra* (74 Ind. App., 562), the fifth paragraph of the syllabus is as follows:

"The presumption that an aunt lives with her niece in a family relation could not be indulged in, where the aunt was aged, imbecile, deformed and demented, so that it could not be rightfully assumed that mutual services were to be rendered."

In the case of *In re Dance's Admr.* v. *Magruder, supra* (26 Ky. Law Rep., 220), the court held that in an action by a sister of a decedent against his administrator for washing done for deceased and for nursing him in his last illness, evidence that these services were performed is sufficient to justify a recovery, the burden being on defendant to show that they were rendered gratuitously.

Likewise, in the case at bar, plaintiff having shown that he rendered necessary personal services to the defendant's decedent, the burden was on the defendant to show that the services were rendered gratuitously.

In *Gover's Admr.* v. *Waddle, supra* (245 Ky., 652), the court in its opinion on page 655 said:

"It is first argued that the daughter and son-in-law cannot recover on an implied contract for services rendered to decedent in his last illness. This argument is based on the general rule that a child or other person closely related to the beneficiary of such services and nursing, care, and attention cannot recover for such services in the absence of an express contract for compensation. In such instances, the presumption arises that because of duty, moral obligation, and natural affection the services rendered are gratuitous. But it is equally well established by a long line of cases that where it is alleged and established that the recipient of the services was mentally incapable of making a contract, and the services were of an unusual and extraordinary nature, a contract for compensation will be implied.* * *"

In *Duncan* v. *Johnson, supra* (239 Ala., 183), the first and second paragraphs of the syllabus are as follows:

"Generally, when a child furnishes articles and services, including board and attention, to a parent, the prima facie presumption is that the articles and services were gratuitous, but the presumption may be overcome by a contract express or implied to pay for the articles and services, and such an agreement is implied between near relatives when circumstances are such that a mutual intent to pay and receive compensation for services and supplies is reasonable.

"Ordinarily, an insane person is liable on an implied contract for necessaries furnished such person suitable to his estate and condition in life."

In the instant case, the plaintiff should be permitted to recover on an implied contract for necessaries furnished to the decedent. There may have been services rendered by the plaintiff which would not fall in the category of necessaries; for such services there could be no recovery. An amendment to the petition resting the recovery on an implied contract for necessaries furnished to the decedent should have been allowed to conform the pleadings to the proof. See *Gorey* v. *Gregg, Exr.*, 78 Ohio App., 367, 63 N. E. (2d), 680; *Price* v. *Cleveland Trust Co.* (Court of Appeals), 45 Ohio Law Abs., 606, 68 N. E. (2d), 133.

In the case at bar the recipient at no time after the death of her husband was capable of entering into a binding contract with the appellant. Was the appellant required to apply for the appointment of a guardian for the recipient and pursue his rights in the guardianship estate under the orders of the Probate Court? We think not. The record shows that a few months prior to the death of the recipient a guardian of the estate of the recipient was appointed but no claim was presented by the plaintiff in the guardianship proceedings. The appellant should not be deprived of his rights accorded him by the fundamental and well-established principles of law of this state, because of the failure to press a claim against the guardian. In this state persons not *sui juris* are liable for necessaries furnished them.

In view of the record which shows that the appellant rendered necessary services to some extent to the decedent after the death of the husband, and the evidence relative to the reasonable value of those services, appellant should have been permit-

ted to submit this evidence to the jury under proper instructions respecting the right of the appellant to recover on an implied contract for the reasonable value of necessaries furnished to the decedent.

In directing a verdict for the defendant on the second cause of action the trial court committed prejudicial error. The judgment with respect to the second cause of action is, therefore, reversed and the cause remanded for a new trial.

*Judgment affirmed in part and reversed in part.*

HORNBECK, P. J., and CRAWFORD, J., concur.