IN RE ESTATE OF CURRY.

(No. 9340 — Decided January 3, 1986.)

*Douglas B. Gregg* and *Michael P. Moloney,* for appellants Mary and William Burba.

*Thomas G. Kramer,* for appellees Henry T. and Daniel Curry.

HOFSTETTER, J. Shortly after the Second World War, Charles S. Curry was adjudicated to be an incompetent under the laws of the state of Maryland. Initially, his guardian was his younger sister, Mary Curry, n.k.a. Mary Burba, an appellant herein. Ultimately, his guardian became the Equitable Bank in Baltimore, Maryland.

From the years 1967 through 1970, Charles lived with his sister, Mary.

From 1974 through his death in March 1984, he lived with Mary and her husband, Dr. William Burba, in Dayton, Ohio. In the years noted above, the appellants received annual compensation from the Equitable Bank ranging from $1,375 to $4,800 for services rendered on Charles' behalf.

In 1984, when Charles died, Mrs. Burba became the administratrix of his estate, at which time she discovered his estate totaled in excess of $100,000. Subsequently, she and Dr. Burba filed claims against the estate totaling $150,000 for "the care, comfort, nursing, maintenance and support rendered and furnished by * * * [them] to and on behalf of the within decedent for approximately twenty * * * years preceding his death."

Charles' brothers and heirs-at-law, Henry T. Curry and Daniel Curry, objected to the claim and filed a motion for summary judgment requesting the court determine as a matter of law that Mary and William Burba had no right to make a claim against the estate.

The court below granted the motion for summary judgment, holding that any claim the Burbas might have had should have been brought against the guardian and could not be brought against the estate.

From the decision of the probate court granting summary judgment, appellants Mary and William Burba appeal setting forth one assignment of error:

"The probate court erred in determining as a matter of law that the appellants were barred from making a claim against the estate of Charles S. Curry for services rendered to him while he was living."

For the reasons that follow, we reverse and remand for further proceedings.

" 'Summary judgment * * * must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. * * *' " (Citations omitted.) *Norris* v. *Ohio Standard Oil Co.* (1982), 70 Ohio St.2d 1, 2-3 [24 O.O.3d 1]; *Morris* v. *First Natl. Bank & Trust Co.* (1970), 21 Ohio St.2d 25 [50 O.O.2d 47].

" 'A successful motion for summary judgment rests on the two-part foundation that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. * * *' " (Citations omitted.) *Norris, supra,* at 2-3.

We have examined the depositions of Mary Burba and William Burba, which appear to be the only documentary evidence in testimonial form which was before the court below for its consideration pursuant to Civ. R. 56(E). Based upon this examination, we believe there were insufficient facts below upon which the court could properly determine the appellees were entitled to judgment as a matter of law.

Several matters appear in dispute. First, there is some question as to whether the appellants had an express contract with the Equitable Bank to provide room and board and other services to the decedent while he was living with them. If such a contract did exist, surely appellants would not be entitled to further compensation. Where an express contract exists, none may be implied. Inasmuch as Mary Burba testified that no such agreement exists, we must assume, for the purposes of reviewing the granting of the summary judgment motion, that none did.

There also remains to be resolved the question of whether the funds received by the Burbas from the Equitable Bank fully compensated them for any necessaries they might have furnished the decedent during his lifetime.

The Burbas testified they were not

fully compensated. "* * * In this state persons not *sui juris* are liable for necessaries furnished them." *Markland v. Harley* (1958), 107 Ohio App. 245, 255 [8 O.O.2d 177]. Under this implied-in-law contract, the appellants are entitled to be fully compensated for all necessaries they furnished the decedent.

Appellees have argued, and the court below held, that if the appellants did have any claim for services rendered to the decedent, it should have been presented to the guardian. Such a holding is incorrect and not in accord with the law.

Construing the facts most favorably to appellants, we must assume they were unaware of the magnitude of decedent's estate until Mary Burba was appointed administratrix of the estate. By that time, the guardianship had effectively terminated by operation of law. When a ward dies in fact, his guardian dies in law. *Simpson* v. *Holmes* (1922), 106 Ohio St. 437, 439; *Sommers* v. *Boyd* (1891), 48 Ohio St. 648, paragraph one of the syllabus.

In *Simpson,* the court considered whether a claim for necessaries supplied to an incompetent during his lifetime pursuant to an agreement with the guardian could be properly brought against the estate of the incompetent. The guardian and the claimants had entered into an express agreement whereby the claimants were to furnish board, nursing care and attention to the incompetent while he was living. As here, it was argued the claim should have been presented to the guardian. The court held, however, the claim was properly brought against the estate, since the guardianship terminated upon the death of the incompetent.

We can find no basis for distinguishing between the presentment of a claim founded upon an express agreement and one founded upon an implied-in-law contract. The claim was a proper one to be considered by the estate. The court below erred in holding otherwise.

Reasonable minds could have come to different conclusions based upon the Burbas' depositions, or could have been unable to reach a satisfactory conclusion at all. Further, even if they reached the same factual conclusion as the court below, such facts would not have supported a finding that appellants were barred from presenting their claim to the estate as a matter of law. Summary judgment, therefore, was improperly granted.

Numerous factual issues remain to be resolved in this action. It must be determined whether appellants had an express agreement with the Equitable Bank to provide necessaries to the decedent. The value of the services rendered by appellants to decedent needs to be determined, as well as whether such services, in whole or in part, constituted "necessaries" so as to be compensable under *Markland, supra.* Also, it must be determined whether the funds received by appellants from the Equitable Bank fully compensated them for "necessaries" they furnished decedent during the period in question. Finally, any legal or equitable defense the estate has to the claim, if any, will have to be considered and resolved.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded.*

BROGAN, P.J., and KERNS, J., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.