**In the Matter of the Estate of Paul R. Gaines**
*[Cite as 4 AOA 128]*

*Case No. 89-CA-48*
*Knox County, (5th)*
*Decided June 6, 1990*

*Kim M. Rose, 118 E. Gambier Street, Mount Vernon, Ohio 43050, for Appellant.*

*Paul E. Spurgeon, Zelkowitz, Barry & Cullers, 121 East High Street, Mount Vernon, Ohio 43050, for Appellee.*

MILLIGAN, P.J.

Paul R. Gaines died February 4, 1987, leaving Audrey U. Gaines as surviving spouse. Mrs. Gaines was incompetent. Richard Small was appointed executor of Paul Gaines' estate on February 12, 1987.

Ruth Hall, guardian of Audrey U. Gaines, filed a notice of disability on February 25, 1987, requesting the appointment of a commissioner. Daniel Williams was appointed commissioner for the purpose of reporting to the court concerning the election of the surviving spouse on May 21, 1987.

Prior to an inventory of the estate having been filed, the commissioner filed his report on July 22, 1987. The report proposed an election to take against the will.

On July 24, 1987, the Knox County Probate Court entered an election to take against the will of her deceased husband pursuant to R.C. 2107.45.

On July 30, 1987, the executor filed a "Motion for Reconsideration of the Election" and the court granted an extension of the time to file an inventory. The hearing was set September 23, 1987.

The surviving spouse died August 24, 1987.

Following the September hearing, the probate court vacated the original election to take against the will and entered an election to take under the will.

Upon appeal, this court reversed the judgment on reconsideration and remanded the cause to the probate court.[1]

On July 31, 1989, the fiduciary of Audrey U. Gaines' estate was substituted as a party for the guardianship of Audrey Gaines.

On September 20, 1989, the court granted the motion for new trial, vacated the election to take against the will, and elected on behalf of the surviving spouse to take under the last will and testament of Paul R. Gaines. R.C. 2107.45.

From this judgment, the estate of Audrey Gaines appeals assigning five errors:

"ASSIGNMENT OF ERROR NO. I
THE COURT ERRED AS A MATTER OF LAW IN GRANTING A NEW TRAIL IN THAT AN ELECTION UNDER R.C. 2107.45 IS NOT A TRIAL.

"ASSIGNMENT OF ERROR NO. II
THE TRIAL COURT ERRED AS A MATTER OF LAW IN ALLOWING A NEW TRIAL PURSUANT TO A MOTION FILED BY THE EXECUTOR AND PRIMARY BENEFICIARY OF THE ESTATE OF PAUL R. GAINES IN THAT R.C. SECTION 2107.45 DOES NOT GRANT STANDING FOR THE EXECUTOR AND PRIMARY BENEFICIARY TO CONTEST THE DECISION OF THE COURT TO ELECT ON BEHALF OF THE SURVIVING SPOUSE TO TAKE FOR OR AGAINST THE BILL.

"ASSIGNMENT OF ERROR NO. III
THE COURT ERRED IN VACATING ITS ELECTION ON BEHALF OF THE SURVIVING SPOUSE AFTER THE SPOUSE'S DEATH.

"ASSIGNMENT OF ERROR NO. IV
THE COURT WHEN CONSIDERING WHETHER OR NOT TO ELECT TO TAKE AGAINST THE WILL ON BEHALF OF AN INCOMPETENT SPOUSE ERRED BY CONSIDERING FACTORS SUBSEQUENT TO THE INCOMPETENT SPOUSE'S DEATH RATHER THAN THE FACTS AS THEY WERE ON THE DAY THE NOTICE OF DISABILITY WAS FILED, OR AT A MINIMUM WHEN THE COMMISSIONER'S REPORT WAS FILED.

"ASSIGNMENT OF ERROR NO. V
"THE COURT ERRED IN VACATING THE ELECTION ON BEHALF OF THE SURVIVING SPOUSE WHEN IT FAILED TO EXERCISE ITS DISCRETION SO AS TO CONSIDER WHAT IS IN THE "BEST INTEREST" ELECTION AS OPPOSED TO THE ARITHMETICALLY CALCULABLE 'BETTER' STANDARD."

At the new-trail hearing, the court heard evidence and found:

"The evidence established the Report was in error. That in the interim the surviving spouse died August 24, 1987. That the Report also omitted insurance coverage available to pay bills of the surviving spouse. Admittedly the surviving spouse left a gross estate of $53,915.21 and a net estate of $38,195.43 per the Ohio Inheritance Tax Return in the estate of the surviving spouse. My decision of July 24, 1987, based upon a report of very meager assets, is in error.

"I cannot make the finding required in Section 2107.45 that it is necessary to provide adequate support for the surviving spouse during her life expectancy that she need to take from her deceased husband's estate.

" . . .

"In this instance the incompetent spouse is deceased. She has $38,195.43 left over from her own assets.

"I am asked to consider that Section 2107.45 means that I have an option that in this instance more for the surviving spouse will be better as the more will not substantially increase any taxation burden on the estate of her heirs.

"This point is granted.

"But where does 2107.45 state such a proposition? I do believe those who proposed 2107.45 intended the option that a Court might exercise in the proper case, but look what came out in the enactment.

"There is no option for a Court. The finding of necessary must be made after taking into account the other available resources of the surviving spouse. This is not optional language.

"I have no further gems to add to this issue. When the amendment of Section 2107.45 was proposed at the Probate Judges Association the thought was to make the election optional and give a judge more discretion. I voted for this. Somewhere along the line the amendment did not come out optional. This I regret."

October 3, 1989, decision announced.

I

A trial is a judicial examination of the issues, whether of law or of fact, in an action or proceeding.

R.C. 2311.01

Clearly, R.C. 2107.45 requires the trial court to enter findings and apply the law. In that regard, it qualifies as a trial for purposes of Civ. R. 59.

The first assignment of error is overruled.

II

We previously addressed the impact of R.C. 2107.45, as amended December 17, 1986, in *In*

*Re: Estate of Cook* (1969), 16 Ohio St. 2d 121, 249 N.E.2d 799.

When the legislature changed the role of the probate court from one which was strictly ministerial to one that required the findings of fact and exercise of discretion, it created a circumstance where parties with conflicting interests would be adversely affected by the exercise of such discretion. For the abuse of that discretion, the affected party must have a remedy.

For the reason enunciated in our prior opinion in this case, *In Re: Gaines*, (Dec. 30, 1988) Know App. No. 88-CA-17, unreported, at 5-6, we conclude that the executor does have standing to challenge the exercise of discretion by the probate court.

III

The executor claims that the right of election is a personal right that dies with the surviving spouse. Thus because of the August 24, 1987, death of Mrs. Gaines, the court could not vacate its earlier election to take against the will.

Appellee acknowledges that the right to elect dies with the surviving spouse, upon authority of *In Re: Estate of Curry* (1986), 29 Ohio App.3d 361, 505 N.E.2d 641. Appellee's Brief, p.7. He observes that here we concerned with correcting errors that adversely affect the beneficiaries of the estate of the decedent, not making an original election.

It is clear to us that the trial court, upon the new trial, found that the commissioner's report was substantially erroneous and that those errors ought to be corrected by the ultimate judgment entered upon new trial.

We conclude, therefore, that although it is correct that the right of election dies with the surviving spouse, such proposition of law does not deny to the trial court the authority to correct errors and omissions made in that regard during the life time of the incompetent surviving spouse.

The third assignment of error is overruled.

IV

Evidence was introduced at the new trial that the surviving spouse left a gross estate of $54,000 and a net estate of $38,000.

This evidence was introduced without objection.

Appellant complains but for the delay in processing the election issue, the result would probably have been different.

We find no plain error in the admission of such testimony or the fact finding by the trial court.

The trial court is required, in considering the adequate support needs of the surviving spouse to consider numerous factors, including "other available resources."

The fourth assignment of error is overruled.

### V

Appellant argues that the trial court refused to exercise its statutorily granted discretion.

We disagree.

The trial court understood and exercised his discretion in addressing the question of necessity of adequate support for the surviving spouse.

The fifth assignment of error is overruled.

The judgment of the Knox County Probate Court is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and GWIN, J., concur.

---

[1] *Estate of Paul R. Gaines* (Dec. 30, 1988), Knox App. No. 88-CA-17, unreported. We held that the reconsideration was not a viable remedy under the civil rules, suggesting that the motion could have been heard as motion for new trial of for relief from judgment. (Milligan, Hoffman). Judge Wise dissented.